461 So.2d 557 (1984)
STATE of Louisiana
v.
Willie Mae SCOTT.
No. CR84-129.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
J. Wade Smith, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Terry Manuel, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
This appeal arises out of the defendant, Willie Mae Scott's, December 8, 1983, guilty pleas to 12 charges of issuing worthless checks in violation of La.R.S. 14:71.
Previously, on January 27, 1983, the defendant had pleaded guilty to five counts of *558 issuing worthless checks. She was sentenced, which sentence was conditionally suspended, and she was placed on supervised probation for eighteen months. Restitution on all five of her worthless checks was a special condition of the probation.
On February 1, 1983, five days after Ms. Scott's January 27, 1983 convictions, she was back in court to be arraigned on seven more counts of issuing worthless checks. At this arraignment proceeding the Judge advised the defendant of her right to a jury trial on the two counts involving worthless checks for an amount in excess of $100.00.[1] The defendant pleaded not guilty to the seven charges.
One week later, on February 8, 1983, the defendant was arraigned and pleaded not guilty to a single count of issuing a worthless check.
On April 5, 1983, Ms. Scott was charged with yet three more violations of La.R.S. 14:71. The defendant pleaded not guilty to these three charges.
By December 8, 1983, when finally brought to trial, Ms. Scott had been previously arraigned and had pleaded not guilty to 22 counts of issuing worthless checks, involving close to $1,400.00.
On the trial date, December 8, 1983, Ms. Scott appeared before the court for proceedings in two separate matters. First, the court was to conduct a proceeding to determine whether to revoke the probation issued for Scott's previous convictions. Second, the court was to hold a trial on the 22 charges of issuing worthless checks.
The district judge revoked the defendant's probation stemming from the January 27, 1983 convictions for issuing worthless checks. He reasoned that the defendant had violated the condition of her probation by failing to make restitution on the five worthless checks she had been convicted of issuing. The district judge ordered the defendant to serve the 18 month sentence originally imposed for those convictions.
The district judge then turned to the trial of the pending 22 counts of issuing worthless checks. The State dismissed 10 of the 22 counts against the defendant and she pleaded guilty to the remaining 12 charges.
There is nothing in the record to show that at the time the district judge accepted the defendant's guilty pleas that she had been advised of or had waived her right to a trial by jury.
The district judge sentenced the defendant to serve two years on each of the first two counts, those sentences to run consecutively, and two years each on the remaining 10 counts to run concurrently with the first two counts. The total sentence imposed was 5 and ½ years.
The defendant specifies two assignments of error in this case:
(1) The trial court erred by imposing an excessive sentence against the defendant in violation of Article 1, Section 20, of the 1974 Louisiana Constitution.
(2) The trial court erred in its failure to advise the defendant of her right to a trial by jury prior to accepting her pleas of guilty.
Inasmuch as we will dispose of this case in connection with assignment of error No. 2, we need not consider the merits of assignment of error No. 1.
The defendant argues that because she faced a possible sentence in excess of six months she was entitled to a jury trial. She asserts that she was not apprised of her right to a jury trial, therefore her guilty plea was not a valid waiver of that right.
The twelve counts of issuing worthless checks which Ms. Scott pleaded guilty to involve checks written for amounts of less than $100.00, therefore each of the separate counts against Ms. Scott constituted a misdemeanor as per La.R.S. 14:71 E.[2]
*559 However, in consideration of the defendant's prior convictions for issuing worthless checks, the district judge applied the penalty enhancement provision contained in La.R.S. 14:71 E (see footnote 2) and sentenced Ms. Scott to a two year sentence on each of the twelve counts.
The State argues that because the defendant was charged with several misdemeanors, she was not entitled to a jury trial.
The defendant contends that the possible application of the penalty enhancement provision created the potential of a sentence in excess of six months and therefore she was entitled to a trial by jury.
We find that the defendant's assignment of error has merit, not, however, because the penalty enhancement provision contained in La.R.S. 14:71 E created the possibility of a sentence in excess of six months.
We find that the district court was in error for failing to apprise defendant of her right to a trial by jury in light of the provisions of La.R.S. 14:71 F.
The district judge apparently by inadvertancy overlooked La.R.S. 14:71 F which provides:
"F. When the offender has issued more than one worthless check within a 180 day period, the aggregate of the amount of all worthless checks issued during that 180 day period shall determine the grade of the offense." (Emphasis added).
Our interpretation of the above quoted provision is that the legislature's use of the word "shall" requires that the State aggregate the check amounts when an offender issues more than one worthless check in a 180 day period. The grade of the offense is to be determined by the aggregate amount of the worthless checks issued within that period.
Prior to a 1980 amendment to La.R.S. 14:71, the provision which required the aggregation of the amount of two or more worthless checks read as follows:
"When the offender has issued two or more worthless checks, the aggregate amount of the worthless checks shall determine the grade of the offense."
In State v. Baker, 359 So.2d 110 (La. 1978), the Louisiana Supreme Court held the pre-1980 aggregation provision of the statute unconstitutional because of vagueness. The High Court determined that the provision as it was then written created uncertainty and arbitrariness in the prosecution of these cases. The court was of the opinion that there should be a time period within which the crimes must have been committed to be available for aggregation.
Pursuant to that decision, the Legislature amended the aggregation provision to include a 180 day time frame for totalling the amount of worthless checks. We conclude that the Legislature acted in an attempt to create certain and nonarbitrary prosecution of the habitual issuer of worthless checks. The Legislature's action also evinces their intent to make the aggregation provision mandatory in cases where a defendant has been charged with issuing two or more worthless checks in a 180 day period.
Of the twelve charges pending against Ms. Scott at the time she entered a guilty plea on December 8, 1983, the first nine counts occurred within a 180 day period and totalled $560.80. The final three counts occurred within a separate 180 day period and totalled $84.96.
La.R.S. 14:71 F requires that the aggregate amount of the first nine and final three worthless checks issued in the separate 180 day periods determines the grades of the offenses Ms. Scott is charged with.
The crime of issuing worthless checks, La.R.S. 14:71, is divided into three grades. The most serious grade requires that an *560 offender "shall be imprisoned, with or without hard labor, for not more than 10 years, or may be fined not more than $3,000.00, or both," when the amount of the check or checks is $500.00 or more. La.R.S. 14:71 C.
The amount of Ms. Scott's nine worthless checks issued between October 23, 1982, and December 28, 1982, was in excess of $500.00. Therefore, had the trial court applied La.R.S. 14:71 F to this case the defendant would have faced a possible ten year prison sentence.
When the total potential punishment exceeds six months imprisonment an accused is entitled to a trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); and State v. Williams, 404 So.2d 954 (La.1981).
Before a trial court can accept a guilty plea from a defendant who is entitled to a jury trial, the district court judge must determine, among other things, that the defendant has intelligently and voluntarily waived the right to a jury trial, and a waiver of this right cannot be presumed from a silent record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Applying La.R.S. 14:71 F to the instant case leads us to the conclusion that Ms. Scott was entitled to a jury trial.
The record reveals that the district judge accepted the defendant's plea of guilty without informing her of her right to a jury trial.
Reversible error results when the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty. Boykin v. Alabama, supra.
We hold that the trial court's failure to apprise the defendant of her right to a jury trial in connection with the prosecution of the nine counts of worthless checks issued between October 23, 1982, and December 28, 1982, results in reversible error. We therefore remand those nine charges to the trial court for a new trial.
The final three charges of issuing worthless checks arise from checks written between June 2, 1983, and June 29, 1983. The aggregate amount of those three checks was $84.96. La.R.S. 14:71 E provides in part that: "When the amount of the worthless check or checks is less than $100.00, the offender shall be imprisoned for not more than 6 months, or may be fined not more than $500.00, or both."
As the aggregate of these three checks does not create the possibility of a sentence in excess of 6 months the defendant was not entitled to a trial by jury. The record reveals that the district judge did properly inform the defendant that she was entitled to a trial on these charges.
We therefore hold that inasmuch as the defendant was informed of her rights to a trial on the final three charges her plea of guilty to those charges was validly procured and will stand. However, we reverse the sentence on those three counts and remand them to the district court for aggregation and sentencing in compliance with La.R.S. 14:71 F.
Our decision does not affect the district judge's ruling in the revocation of probation proceedings.
For the above and foregoing reasons, the conviction and sentence on the first nine counts of issuing worthless checks is reversed, and a new trial is ordered. The sentence on the final three counts is reversed and resentencing is ordered. Accordingly, we remand this case to the district court for further proceedings consistent with the views expressed herein.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[1] The two counts involving worthless checks in an amount exceeding $100.00 were subsequently dropped.
[2] "E. When the amount of the check or checks is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or be fined not more than one thousand dollars, or both."