LOTTINGER, Judge.
The appellee, Anna Lee Thomas, was charged by bill of information with issuing worthless checks in an aggregate amount exceeding five hundred dollars. La.R.S. 14:71. The trial court granted defendant’s motion to quash the charge. The state now appeals that ruling, urging in a single assignment of error that the trial court’s ruling is erroneous.
FACTS
The bill of information was filed on June 24, 1987; and it charged defendant with issuing seventeen worthless checks (in an aggregate amount in excess of five hundred dollars) to a department store during the period beginning June 13, 1984, and ending October 10, 1984. Defendant filed a motion to quash the bill of information on the basis that each of the seventeen alleged worthless checks constituted a misdemean- or offense which should have prescribed pursuant to La.Code Crim.P. art. 572.[1]
On July 25, 1988, a hearing was held on the motion to quash. At the conclusion of *779 the hearing, the trial court deferred ruling on the motion until August 4, 1988. On August 4, the trial court granted defendant’s motion to quash. In so doing, the court essentially concluded that, since the individual checks being aggregated (under the provisions of La.R.S. 14:71 F to form the instant charge had prescribed under the provisions of La.Code Crim.P. art. 572(3) by the passage of two years, it would be unfair to allow the state to avail itself of the four year prescriptive period (provided in La.Code Crim.P. art. 572(2)) by aggregating the individual checks.
I
On appeal, the state argues that the trial court erroneously granted the motion to quash. The state essentially asserts that the instant charge was proper, since the seventeen allegedly worthless checks referred to in the bill of information had been issued within a one hundred two day period (actually a one hundred twenty day period) and the amounts of each of those checks could, thus, be aggregated under the provisions of La.R.S. 14:71 F to determine the grade of the instant charge. The state concludes that, because the instant charge is issuing worthless checks in an (aggregate) amount of five hundred dollars or more (an offense punishable by La.R.S. 14:71 C “with or without hard labor”), the prescriptive period applicable to the instant charge is the four year period provided in La.Code Crim.P. art. 572(2); and, since the bill of information was filed within that four year period, the instant charge never prescribed. We agree.
La.R.S. 14:71 F provides as follows:
F. When the offender has issued more than one worthless check within a one hundred eighty day period, the aggregate of the amount of all worthless checks issued during that one hundred eighty day period shall determine the grade of the offense, [emphasis added]
La.R.S. 14:71 C, D, and E, which set forth three separate grades of issuing worthless cheeks, provide as follows:
C.Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
D. When the amount of the check or checks is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
E. When the amount of the check or checks is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or be fined not more than one thousand dollars, or both.
The provisions of La.R.S. 14:71 F require the state to aggregate the check amounts when an offender issues more than one worthless check within a one hundred eighty day period; and the statute provides that the aggregate amount of all worthless checks issued during that one hundred eighty day period shall determine the grade of the offense. See State v. Scott, 461 So.2d 557, 559 (La.App. 3rd Cir.1984). We interpret those provisions as proscribing the issuance of two or more worthless checks in a one hundred eighty day period as one offense of issuing worthless checks, the grade of which is determined by the aggregate amount of the checks.
La.R.S. 14:56 provides graded penalties for simple criminal damage to property; and La.R.S. 14:67 provides graduated penalties for theft. The value of the object of a theft constitutes an essential element of theft, State v. Young, 469 So.2d 1014, 1021 (La.App. 1st Cir.1985); and the value of property criminally damaged is an essential element of simple criminal damage to property. See State v. Bass, 509 *780 So.2d 176, 178 (La.App. 1st Cir.1987). Similarly, the amount of a worthless check or the aggregate amount of two or more worthless checks issued in a one hundred eighty day period is an essential element of the crime of issuing worthless checks.
Herein, the bill of information charging the offense alleges that defendant issued seventeen worthless checks “in or between the days of June 13, 1984 and October 10, 1984,” in an aggregate amount exceeding five hundred dollars. Because the aggregate amount of the allegedly worthless checks upon which the bill of information is premised is five hundred dollars or more, the grade of the charged offense and the applicable penalty therefor are governed by the provisions of La.R.S. 14:71 C. The applicable penalty provided in La.R.S. 14:71 C includes imprisonment “with or without hard labor.” Thus, the provisions of La.Code Crim.P. art. 572(2) require that the charged offense be instituted within four years after the offense was committed. The instant bill of information was filed on June 24, 1987; and, as a consequence, it was filed timely under La.Code Crim.P. art. 572(2). Cf. State v. Aucoin, 457 So.2d 885, 886 (La.App. 3rd Cir.1984). Accordingly, the trial court erred by granting defendant’s motion to quash the bill of information as untimely filed under La.Code Crim.P. art. 572; and the matter must be remanded for further proceedings.
II
In our review for patent error the following constitutional issue became apparent. The Louisiana Constitution requires in prosecutions that the accused be informed of the nature and cause of the accusation against him. La. Const. Art. I, § 13; State v. Comeaux, 408 So.2d 1099, 1106 (La.1981). To satisfy the constitutional mandate, the fundamental requirement is that the affidavit, bill of information, or indictment must contain all of the essential elements of the crime intended to be charged in sufficient particularity 1) to enable the defendant to prepare for trial, 2) to allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may impose the correct punishment upon a verdict of guilty, and 3) to afford protection from subsequent prosecution for the same offense. State v. Comeaux at 1106; State v. Edwards, 287 So.2d 518, 524 (La.1973).
We note as a possible patent error the fact that the charge contained in the bill of information spans only a one hundred twenty day period. As previously discussed in this opinion, La.R.S. 14:71 F requires the state to aggregate the amounts of two or more worthless checks issued over a one hundred eighty day period and proscribes the issuance of those checks as a single offense. A question arises as to whether the state is required under the constitution and La.R.S. 14:71 F, to allege in the affidavit, bill of information, or indictment charging the offense a one hundred eighty day period within which the state aggregated worthless checks.
We conclude that the provisions contained in La.R.S. 14:71 F are merely guidelines which the state must follow whenever aggregation is required, that those guidelines are constitutionally satisfactory, and that La.R.S. 14:71 F does not require the state to allege a one hundred eighty day period in every case.
If the state were required to allege a specific one hundred eighty day period in every case in which aggregation is required by La.R.S. 14:71 F, it is apparent that in many cases (i.e., at least all those cases in which an accused had issued worthless checks during less than a complete one hundred eighty day period) the state would probably be forced to arbitrarily allege a one hundred eighty day period. Forcing the state into such a position is unrealistic, rigid, and inflexible in cases in which the state knows only that worthless checks have been issued over a period shorter than one hundred eighty days.
It is true that a defendant is entitled to know what checks are being aggregated and over what period of days they are being aggregated in order to satisfy the notice requirement of La. Const. Art. I, § 13, to protect himself from multiple prosecution and to enable him to determine if aggregation is proper under La.R.S. 14:71 *781 F. However, the integrity of La. Const. Art. I, § 15, the constitutional protection from double jeopardy, and the requisites of La.R.S. 14:71 F can still be preserved without requiring the state to allege a one hundred eighty day period in every case.
It is constitutionally sufficient for the prosecutor to allege in the affidavit, bill of information, or indictment the actual dates over which worthless checks (of which he has knowledge) are being aggregated regardless of whether or not those dates span an entire one hundred eighty day period. The defendant can request additional information as to the details of the charge by requesting a bill of particulars just as the defendant did in the instant case.
In regard to the possibility of multiple prosecution (the double jeopardy issue), there should be no double jeopardy problem where only the actual dates spanning less than 180 days are alleged. For example, in this ease, the state alleged that defendant issued worthless checks “in or between the days of June 13, 1984 and October 10, 1984.” Because those dates span only a one hundred twenty day period, sixty days of the required one hundred eighty day period for aggregation, of course, have not been disclosed to the defendant. Assuming, only for purposes of illustrating this example, that the defendant had issued worthless checks before June 13, 1984, and/or after October 10, 1984, and that some or all of these checks could have fallen within some (undisclosed) one hundred eighty day period (which included the dates alleged by the state in the bill of information), the defendant would not have been notified as to which of the checks might have fallen within or without the (undisclosed) one hundred eighty day period the state used for aggregation purposes.
Thereafter, if the state (in another prosecution) were to later charge the defendant with issuing worthless checks during the sixty days preceding June 13, 1984, or the sixty days following October 10, 1984, defendant could plead double jeopardy on the basis of the state’s allegation in the instant bill of information. Defendant’s double jeopardy plea should prevail whether the later charge relates to issuing worthless checks within sixty days before June 13, 1984, or within sixty days after October 10, 1984, since in either case defendant would argue that the charge fell within sixty days of the one hundred twenty day period alleged in the bill of information, i.e., a one hundred eighty day period. Accordingly, defendant should (under the instant facts) be protected from multiple prosecution (based on the allegation in the bill of information) for a total of two hundred forty days rather than only one hundred eighty days as apparently envisioned by La.R.S. 14:71 F.
However, since the number of days would be greater than one hundred eighty days, defendant surely could not and would not complain. Thus, the total number of days for which a defendant will be protected from additional prosecution will depend on the facts of each case, i.e., the shorter the period alleged in the bill of information, the greater the protection. We do not see any way the matter could otherwise be fairly resolved and yet afford defendant the full protection of one hundred eighty days to which he is apparently entitled under La.R.S. 14:71 F.
CONCLUSION
For the above and foregoing reasons, the trial court’s granting of the motion to quash is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The motion also claimed that defendant's constitutional right to a speedy trial had been violated. However, this claim is not pertinent to this appeal, since the trial court rejected the claim and instead granted the motion on the sole basis that the charge set forth in the bill of information had prescribed under the provisions of La.Code Crim.P. art 572; and the only party appealing, the state, appeals only the part of the trial court’s ruling adverse to the state.