EDWARDS, Judge.
Defendant, Frank Mercante, was charged in a single bill of information with eighteen counts of issuing worthless checks in violation of LSA-R.S. 14:71. Defendant entered pleas of not guilty to the charges and waived his right to a jury trial. At the conclusion of the bench trial, the trial court took the matter under advisement before finding defendant guilty as charged on all the counts and imposing sentences for defendant’s eighteen convictions for issuing worthless checks. Defendant has appealed, urging and briefing six assignments of error. However, for reasons more specifically set forth hereinafter, we find error patent on the face of the record which requires reversal of defendant’s convictions and sentences; and, consequently, we need not and do not address defendant’s assignments of error.
Each of the eighteen counts charged defendant with issuing an alleged worthless check on a specific date in a particular amount to Alleman Seafood, in violation of LSA-R.S. 14:71. The dates specified in the individual counts span a twenty-one day period between May 8, 1987 and May 28, 1987. The aggregate amount of the worthless checks forming the bases of the eighteen counts is $37,419.30, with the smallest alleged worthless check being in the amount of $646.50 (count five).
LSA-R.S. 14:71, as amended by Act 376 of 1983, the law in effect at the time of the charged offenses, provided as follows:
A. (1) Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation. This provision shall not apply to payments on installment contracts or open accounts.
(2) The offender’s failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown *874 on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.
B. Issuing worthless checks is also the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money, when the offender knows at the time of the issuing that the account designated on the check, draft, or order has been closed, or is nonexistent or fictitious, or is one in which the offender has no interest or on which he has no authority to issue such check, draft, or order.
C. Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
D. When the amount of the check or checks is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
E. When the amount of the check or checks is less than one huridred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or be fined not more than one thousand dollars, or both.
F. When the offender has issued more than one worthless check within a one hundred eighty day period, the aggregate of the amount of all worthless checks issued during that one hundred eighty day period shall determine the grade of the offense.
G.In addition to any other fine or penalty imposed under this Section, the court may, at its discretion, order as part of the sentence, restitution in the amount of the check or checks.
LSA-R.S. 14:71 C, D, and E set forth three grades of issuing worthless checks and the penalties applicable to each grade. The provisions of LSA-R.S. 14:71 F require the state to aggregate the check amounts when an offender issues more than one check within a one hundred eighty day period; and the statute further provides that the aggregate amount of all worthless cheeks issued during that one hundred eighty day period shall determine the grade of the offense. State v. Thomas, 552 So.2d 777, 779 (La.App. 1st Cir.1989). See also State v. Scott, 461 So.2d 557, 669 (La.App. 3d Cir.1984). In Thomas, we interpreted the provisions of LSA-R.S. 14:71 F as “proscribing the issuance of two or more worthless checks in a one hundred eighty day period as one offense of issuing worthless checks, the grade of which is determined by the aggregate amount of the checks.” 552 So.2d at 779 (emphasis original). Cf. State v. Joles, 492 So.2d 490 (La.1986), cert. denied, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987) (in which the Louisiana Supreme Court concluded, after examining the legislative intent of LSA-R.S. 14:67 and LSA-C.Cr.P. art. 481, that a person accused of committing a number of distinct thefts properly joinable in a single bill of information may either be charged with one offense and sentenced upon conviction within the sentencing range for the grade of the offense determined by the aggregate amount of all the thefts or may be charged in a single bill or multiple bills with each separate offense and sentenced upon conviction within the sentencing range for the grade of each particular offense determined by the amount of that theft). Unlike the provisions of LSA-R.S. 14:67 and LSA-C.Cr.P. art. 481 (which did not mention a continuous scheme, single victim, or time frame *875 within which a series of distinct acts of theft must occur in order to constitute proscribed conduct punishable as a single offense ), LSA-R.S. 14:71 F clearly delineates a one hundred eighty day time frame during which the issuance of any worthless checks by the offender constitutes a single offense.
Because the alleged worthless check upon which each of the eighteen counts in the instant bill of information is premised is alleged to have been issued by defendant within a one hundred eighty day period, the issuance of all eighteen checks must be charged as a single offense. Thus, by illegally charging defendant with eighteen separate offenses instead of one offense, the instant bill of information is fatally defective, an error patent on the face of the record. See State v. Wells, 283 So.2d 245 n. 1 (La.1973); State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970). Accordingly, the instant convictions predicated upon invalid charges are illegal, null and void, operating neither as convictions nor acquittals; and retrial of defendant following amendment of the bill of information or the filing of a new bill properly charging defendant in accordance with the views expressed herein is not barred by double jeopardy. Cf. Alvarez v. Estelle, 531 F.2d 1319, 1322 and n. 3 (5th Cir.1976), cert. denied, 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977); State v. Mayeux, 498 So.2d 701, 705 (La.1986). See also United States v. DeVaughn, 601 F.2d 42, 47-48 (2nd Cir.1979).
Defendant’s convictions and sentences are reversed. This case is remanded to the district court for further proceedings in accordance with law and not inconsistent with the views expressed in this opinion.
CONVICTIONS AND SENTENCES REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.