522 So.2d 1216 (1988)
STATE of Louisiana
v.
Kevin GREY.
No. KA-7111.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1217 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant, Kevin Grey.
Harry Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff, State.
Before SCHOTT, WARD and ARMSTRONG, JJ.
WARD, Judge.
Kevin Grey was charged with manslaughter, a violation of La.R.S. 14:31, found guilty as charged by a unanimous jury and sentenced to twenty years imprisonment at hard labor. Grey appeals his conviction and sentence.
On October 15, 1985, Denard Smith and Peter Sterling, armed with at least one gun, went to Grey's house to retrieve a medallion that Grey had taken from Smith earlier that day. As they approached the house, Grey, who was in a hallway leading to the front porch, fired five shots in their direction. Apparently Sterling tried to fire his gun which could not fire because it had a broken firing pin. When the shooting began, Smith and Sterling ran away. Two of Grey's shots, however, hit and killed a teenage boy who was one of several people on the porch. Five bullet casings were foundfour in the hallway and one on the porchall from Grey's gun.
Smith and Sterling also were charged with manslaughter, but they were permitted to plead guilty to aggravated assault. They testified for the State at Grey's trial.
Our review of the record for errors patent reveals that the bill of information charging Grey with manslaughter was neither filed nor signed by the district attorney in accordance with La.C.Cr.P. art. 384. A minute entry, however, reveals that an amended bill of information was read aloud in open court. Accordingly, the State's error did not prevent Grey from presenting a defense and, because the bill was read in court, Grey was properly notified of the charge against him. See, for example, State v. James, 305 So.2d 514 (La.1974). The error, therefore, is not reversible error.
Grey maintains that the evidence was insufficient to support a manslaughter conviction. We disagree. The State's case against Grey was based on the portion of La.R.S. 14:31 which defines manslaughter as:
(2) A homicide committed, without any intent to cause death or great bodily harm. (a) When the offender is engaged in the perpetration or attempted perpetration *1218 of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person.
Under this definition there are several predicate offenses that could support a manslaughter conviction. In the factual situation in this case, predicate offenses which come readily to mind are aggravated assault or the illegal discharge of a firearm when it is foreseeable that death or great bodily harm to a person may result. The predicate offense relied upon by the State, La.R.S. 14:94, is the illegal discharge of a firearm when it is foreseeable that death or great bodily harm to a person may result.
The jury at Grey's trial was properly instructed on the elements of manslaughter, and the record established that Grey discharged a firearm when it obviously was foreseeable that death or great bodily harm could result. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Grey guilty of manslaughter beyond a reasonable doubt. The evidence was sufficient.
Grey also argues that because he claimed self-defense, the State had the burden of establishing that he did not act in self-defense. State v. Green, 483 So.2d 957 (La.1986). It is questionable whether Grey "claimed" self-defense because he presented no evidence for a defense. Nevertheless, even assuming that he did assert self-defense and assuming that a self-defense claim is appropriate in a non-intentional manslaughter charge, the jury in this case was properly instructed on the law of self-defense. The jury concluded that the State proved beyond a reasonable doubt that Grey did not act in self defense. In applying the Jackson v. Virginia review, [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979)] the record reveals that a reasonable fact-findler could have determined beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Garcia, 483 So.2d 953 (La. 1986). Grey's argument, therefore, is without merit.
Grey's sentence is one year short of the maximum sentence for manslaughter, a sentence which Grey claims is excessive. A sentence, although within the statutory limit, may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La. 1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The sentencing transcript in Grey's case is quite brief and falls short of outlining the Trial Judge's consideration of the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 in determining Grey's particular sentence. We conclude, however, that the record clearly supports the sentencing choice and, accordingly, we need not remand for resentencing. State v. Martin, 400 So.2d 1063 (La.1981). Although the record does not disclose Grey's past criminal record, the facts and circumstances of Grey's crime reveal a particularly heinous offense which, we believe, could have supported a second degree murder conviction. Grey shot five bullets at retreating persons in a manner where it was apparent that innocent bystanders could be severely injured. Grey's sentence is clearly not excessive. Accordingly, his conviction and sentence are affirmed.
AFFIRMED.