BECKER, Judge.
Mikeal W. Conova, the defendant was charged by bill of information with Illegal possession of stolen things, a violation of L.S.A.-R.S. 14:69. On November 19, 1987, the defendant, having waived his right to trial by jury, was found guilty as charged by the judge. He received a five year sentence which was suspended. He was placed on five years probation, the first year active, the remaining years inactive and to pay a fine of $1,000.00, costs, and other special conditions of probation. From this conviction and sentence the defendant appeals alleging sixteen assignments of error.
FACTS:
On November 8, 1986 a sixteen foot aluminum flat boat with a trolling motor and a 140 horsepower motor belonging to Anthony R. Madere was stolen from his back yard in Donaldsonville, Louisiana. He immediately reported the theft to the Ascension Parish Sheriff’s Office. The next time he saw the boat was in the defendant’s yard in Belle Chasse on January 5, 1987. He called Sheriff Dan Falcon of the Ascension Parish Sheriff’s Office to report his discovery. Falcon contacted Plaquemines Parish Detective James W. Bridges, who interviewed Madere. Bridges and Madere drove by the defendant’s house where Mad-ere pointed out his boat to Bridges. Bridges then returned to the Plaquemines Parish Sheriff’s Office where he made out a search warrant. Madere, Bridges, and two other sheriffs returned to execute the warrant. Madere positively identified the boat as his own based upon various features unique to the boat including a cracked windshield, a trailer scar on the driver’s side, the presence in the boat of his son’s life jacket, which had three snaps instead of the customary two, and the fact that the electrical socket on the bow for the trolling motor had been put in crooked. Interestingly, the serial number on the trolling motor had been scratched out and the boat registration number did not match the number on Madere’s registration card issued to him by the Louisiana Wildlife and Fisheries Department. When questioned about the registration number, the defendant stated that he had put the numbers from a friends boat on his boat. The serial number on the 140 horsepower motor had not been scratched out and was later found to match the number given by Madere to the Sheriff’s Department when the boat was originally stolen and the number of the Bill of Sale of the motor, which Madere gave to the Sheriff after the seizure. The defendant, during the search, said only that he had gotten the boat from his father, Sam Canova. The defendant was arrested and the boat taken into custody. The next day numerous pictures of the boat were taken and the boat returned to Madere.
The defense denied that the boat at issue was the boat stolen from Madere. It contended that the boat belonged to the defendant’s father, Sam Canova, who had loaned it to the defendant. Sam Canova had allegedly acquired ownership of the boat when he took possession of the estate of one John Jones, his business acquaintance. The defense presented several witnesses that testified that the boat at issue looked like the boat that had been on the Jones’ *276 property prior to his death. However, these witnesses could not give the type of detailed description of the boat as was given by Madere. Moreover, Canova did not produce any Bill of Sale or other document that would match the registration number or motor serial number of the Jones’ boat to the boat found in the defendant’s yard.

Assignment of Error Number 1

The defendant contends that the trial court erred in refusing to allow him to withdraw his waiver of trial by jury under C.Cr.P. art. 780.
On the morning of trial, after the jury venire had already been brought into the courtroom, the defendant waived his right to trial by jury, ostensibly because all of his witnesses were in court and, if a jury was picked, the jury selection would last all day; consequently, the witnesses would not be called to testify until the second day and they might not be available.
The State, who had thought that the case was to be tried by jury and that jury selection would take up the better part of the day, had its witnesses on stand-by. They were not at the courthouse, so the State moved for a recess until 9:30 a.m. the next day. This motion was strongly contested by the defense. The court granted the recess but ordered the trial to begin at 1:00 p.m. the same day. When the parties convened at 1:00 p.m. the defense informed the court that the defendant had changed his mind and now wanted a jury trial. The defense thus moved to withdraw its previously made waiver of the jury trial. The trial court denied the motion, noting that the jury venire had already been brought to court earlier only to have the defendant waive his right to trial by jury.
C.Cr.P. art. 780(C) provides:
C. The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to the witnesses, or prejudice to the state.
It is within the sound discretion of the trial court to determine if the withdrawal will interfere with the administration of justice, cause unnecessary delay, inconvenience the witnesses or prejudice the State.
In this case, the defendant waited until after the jury venire had already been brought into the courtroom to waive his right to trial by jury. He then changed his mind immediately before trial began and after the original venire had been discharged. To allow the withdrawal at that point, would unnecessarily have delayed the trial and inconvenienced the witnesses. The trial court did not, under those circumstances, abuse its discretion. This assignment of error is therefore without merit.

Assignment of Error Number 2

It is alleged in this assignment that there was insufficient evidence to support the conviction.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra. The elements *277 which must be proven to support a conviction for possession of stolen things is set forth in La.R.S. 14:69 which provides:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of these offenses.
The evidence presented at trial satisfies each of the elements as set forth in La.R.S. 14:69. The boat was clearly “of value” and found at the defendant’s house. Contradictory testimony was presented as to whether the boat at the defendant’s house was the same boat stolen from Mad-ere. However, Madere’s testimony indicates that the boat at the defendant’s house was his. That conclusion is supported by the fact that the serial number of the motor on the boat matched the number given by Madere to the Ascension Parish Sheriff’s Office when his boat was stolen. These facts could clearly lead a reasonable trier of fact to the conclusion that the boat had been stolen from Madere. Contradictory testimony was also presented regarding whether the defendant knew or had good reason to know that the boat was stolen. When the sheriff’s executed the search warrant at the defendant’s house, the defendant told them that he had received the boat from his father. On the other hand, the identification numbers of the boat and one of the motors had been scratched off; the defendant told Sheriff Bridges that he had put the registration number of a friend’s boat on the boat at issue, and the evidence established he had obtained a ninety horsepower cover to put on top of the one hundred and forty horsepower motor, telling the person from whom he obtained the cover that he needed it to conceal the fact that the motor was one hundred and forty horsepower. These facts firmly support a conclusion that the defendant knew the boat was stolen. Accordingly, this assignment of error is also without merit.

Assignments of Error Numbers 3, 4, 5, 8, 9, 10, 11, 12, 13 and 14

Defendant contends that the court erred in numerous respects regarding the identification of the boat involved. Once the boat was seized and photographed, it was released to Madere, its owner, who returned it to Donaldsonville. The defense contends that the court erred in allowing Madere to take the boat home. The argument, infra, demonstrated that this did not prejudice the defense. The defense also argues that the trial court erred in not granting a motion to allow inspection of the boat. The court denied the motion as being untimely made. The State contends and the defense concedes that the State agreed to allow the defense to inspect the boat in Donaldsonville. However, the defense contends that the court should have additionally made the State produce the boat for inspection in Belle Chasse. The defense cites no authority for this position, nor could any be found. The State agreed to allow the defense to inspect the boat in Donaldsonville. The defense chose not to do so. The State also produced the photographs taken of the boat for the defense’s inspection. Moreover, the defense does not show how it was prejudiced by the State’s failure to produce the boat. Virtually all of the defense witnesses testified at trial that they had in fact seen the boat outside the courthouse before they testified.
It is also contended that the trial court erred in taking the jury outside, during the State’s presentation of its case, to see the boat. This procedure is clearly authorized under C.Cr.P. art. 762(2) making this argument without merit. Since this action was justified; the defense’s assignment that Madere’s testimony taken outside the courtroom should be stricken, because the jury’s viewing of the boat was improper, is likewise without merit.

Assignments Numbers 6 and 7

The defense complains that the trial court erred in quashing the subpoena duces tecum issued to the District Attorney ordering him to produce documents relating to the boat’s title in his possession, and in *278 refusing to order an in camera inspection of the State’s file, once the subpoena duces tecum was quashed, to determine if the State had any such documents in its possession.
A review of the record reveals that the State agreed to allow the defense to inspect any records it had, but objected to the defense’s attempt to have the State produce the documents by subpoena. The defense never attempted to review the State’s documents. On appeal, the defense does not now allege how it was prejudiced by the ruling. We therefore find no merit in these assignments of error.

Assignments of Error Numbers 15 and 16

The defense contends that it was reversible error for the trial court not to allow the defendant to seek the whereabouts of Dorothy A. Nievergelt, the wife of Thomas Miller. Miller was the State witness who owned Cajun Marine, a boat repair shop where the defendant had taken the stolen boat for repairs in December 1986, and who identified the 90 horsepower engine cover as having been taken from him. The record reflects that an instanter subpoena was in fact issued to Dorothy Nievergelt but service was not perfected because the witness was out of town. The court did, however, allow the defense to question Miller about the whereabouts of his wife, who worked as an Airline Stewardess out of Dallas, Texas.
The defense further alleges that the court erred in failing to order Thomas Miller to produce documents relating to Miller’s purchase of the motor cover, (mistakenly referred to as the “boat” cover), that the defendant had taken from him and for repair bills ordered by a subpoena duc-es tecum. The subpoena duces tecum only requested documents relating to Miller’s purchase of the motor cover, not for repair bills. A review of Miller’s testimony at trial demonstrates that he answered all of defendant’s questions regarding this issue. He paid cash for the used motor cover and thus had no documents regarding his purchase. We find that these assignments of error are also without merit.
For the reason set forth above we therefore affirm the defendant’s conviction and sentence.
AFFIRMED.