GARRISON, Judge.
Defendant-appellant in the case at hand, Dion Alexander, was convicted of attempted manslaughter after a jury trial. The trial court sentenced the defendant to ten years in the Department of Corrections. The defendant now appeals claiming that the trial court erred by imposing an excessive sentence. A review of the record reveals no errors patent.
On October 27, 1985 two women were involved in a fight outside of a New Orleans nightclub. One of the women was with a group of friends which included the victim, Stephen Thompson. The other woman was with the defendant and two other men. All of the witnesses testified that the shooting occurred after the fight between the women had ceased. Zina Stewart, the only eyewitness at trial who was not a close friend of either the defendant or the victim, testified that the victim had attempted to discourage the fighting whereas the defendant has attempted to enflame the hostilities. Testimony at trial revealed that the defendant and victim exchanged words, whereupon the defendant pulled a gun and shot the .fleeing victim twice, then proceeded to shoot him three more times. Mr. Thompson sustained three wounds to his back and two wounds to the back of the head. He is permanently disabled.
The defendant claims that Mr. Thompson had threatened him with a gun and that he had shot at the victim believing himself to be in danger. The testimony of witnesses at trial varied as to whether the victim was armed. There was no other evidence to support Mr. Alexander’s claim.
A sentence will be seen as unconstitutionally excessive when it is “grossly out of proportion to the severity of the offense”. State v. Reed, 409 So.2d 266 (La.1982); State v. Thomas, 447 So.2d 1053 (La.1984). In attempting to determine the excessiveness of a sentence that is within the statutory limits one considers the individual defendant and the circumstances of the crime at issue. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Grey, 408 So.2d 1239 (La.1982).
To insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set in C.Cr.P. art. 894.1.
Here, the transcript of the original sentencing hearing indicates that the trial court was aware of the mitigating and aggravating factors of art. 894.1 and in fact enumerated many of them, noting how they applied to this case. In addition, the trial court stated that the appellant had a record of sixteen arrests and two prior convictions. It is our opinion that the trial court adequately complied with C.Cr.P. art. 894.1.
Finding adequate compliance with art. 894.1, we now determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant’s case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Cann, 471 So.2d 701 (La.1985); State v. Brogdon, 457 So.2d 616 (La.1984); State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983); State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986).
In his brief, appellant through his counsel argues that the trial court erroneously stated that defendant had sixteen arrests when in fact his record only lists twelve arrests. A review of the presentence investigation report indicates that defendant had ten adult arrests including the instant offense and two convictions. Therefore, it appears that the trial court was in error on this issue. If so, it was harmless error. The presentence investigation report supports the balance of the trial court’s comments.
*209 In the case of State v. Grey, 522 So.2d 1216 (La.App. 4th Cir.1988) this court upheld a sentence of twenty years, just under maximum, for manslaughter despite the trial court’s failure to comply with C.Cr.P. art. 894.1. The defendant in Grey was approached by two men, at least one of whom was armed. As they fled, the defendant fired five shots in their direction. Two of the shots hit and killed a bystander. The court stated as follows:
“the facts and circumstances ... reveal a particularly heinous offense ... Grey shot five bullets at retreating persons in a manner where it was apparent that innocent bystanders could be severely injured. Grey’s sentence is clearly not excessive”. Id. at p. 1218.
It is our opinion that the defendant in the instant ease has committed a crime as equally heinous as that in Grey, supra. Mr. Alexander shot at and hit Stephen Thompson five times as he fled. The sentence of ten years for attempted manslaughter cannot be seen as excessive in this instance. The defendant’s conviction and sentence are affirmed.
AFFIRMED