KLEES, Judge.
Defendant appeals his conviction of illegal possession of stolen property worth in excess of $500.00, a violation of La.R.S. 14:69. After being tried by a six person jury and found guilty, defendant was Sentenced on January 26, 1988 to nine years at hard labor with credit for time served, plus six months for contempt of court to be served consecutively with the nine years. After reviewing the record, we affirm the conviction and sentence.
On September 14, 1987, officers Melvin Parker and Ignacio Tanner went to the 500 block of Adele Street to investigate a possible stolen vehicle. The officers approached the car, a 1965 Mustang painted with a red primer coat, which had its hood up and its doors open. Defendant was in the driver’s seat, and another male was in the passenger seat. The passenger got out of the car and walked away quickly when he saw the officers approaching. Officer Tanner went after the passenger while officer Parker asked defendant to see the vehicle registration and his driver’s license. Defendant stated that the car was his.
The registration stated the vehicle was a green 1965 Mustang registered to a Layman Mitchell, residing in Thibodeaux, Louisiana. Parker then compared the vehicle identification number (VIN) on the registration to the VIN on the plate inside the car’s door. Parker testified that when he looked at the VIN plate, he believed it had been tampered with because there was a split near one of the rivets that attached it to the door and because the rivets were not the same type used by the manufacturer.
Parker then located the “secret” or “confidential” number which was stamped in an undisclosed area of the car’s frame. He compared that number to the VIN on the registration given to him by defendant and found that they did not match. Defendant and his companion were then placed under arrest for illegal possession of stolen property. The confidential number was run through the police computer, which showed that the car, silver-blue in color, had been reported as stolen in October, 1986 by its owner, Lisa Monion.
The police later searched the trunk of the Mustang and found a rivet gun, unused rivets which were the same as the ones used to attach the VIN plate to the door, and a dent puller. Parker also testified that around the trunk, the red primer coat had worn off and silver-blue paint could be seen. Parker further testified that he found no green paint anywhere on the car.
Lisa Monion testified that she had reported the vehicle as stolen to her insurer, and that her insurer had reimbursed her $4,650.00 for the loss of the car.

Errors Patent:

A review of the record shows that there is no minute entry for defendant’s arraignment and pleading on November 20, 1987. Under C.Cr.P. art. 831, a defendant must be present at arraignment and when he pleads unless he voluntarily absents himself as provided in C.Cr.P. art. 832. Article 832 further provides “the defendant may always object to his absence at the arraignment or plea to the merits, provided the objection is made before the commencement of trial.” Additionally, C.Cr.P. art. 555 provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if *917 the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
Defendant did not object to any lack of arraignment prior to the commencement of his trial, and he did not raise it as error in this appeal. Therefore, the failure of the record to show what took place at his arraignment is harmless error. State v. Spurlock, 539 So.2d 977 (La.App. 4th Cir.1989).
Another potential problem is the fact that when the record was received in this court, the bill of information was missing. Although a copy was obtained from the D.A.’s office, it is neither signed by the D.A. nor endorsed on the back.
In State v. Grey, 522 So.2d 1216 (La.App. 4th Cir.1988), the bill of information had not been either filed or signed by the district attorney as required by C.Cr.P. art. 384. We held the error not to be reversible because the defendant had been properly notified of the charge (a minute entry revealed that the bill of information had been read aloud in open court), and therefore had not been prevented from presenting a defense. 522 So.2d at 1217 (citing State v. James, 305 So.2d 514 (La.1974).
In the instant case, we deem the missing bill of information to be harmless error since defendant has made no complaint that he was unable to properly defend himself against the charge of illegal possession of stolen property. In addition, the docket master indicates the bill was filed on November 17, 1987.
ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant complains that the trial court erred in requiring him to be tried in prison clothes. He argues that his presumption of innocence was impaired by his having to go to trial wearing prison clothing.
In State v. Fraley, 499 So.2d 1304, 1310 (La.App. 4th Cir.1986), writ granted in part and denied in part, 512 So.2d 856 (La.1987), this court stated:
A defendant cannot be compelled to stand trial before a jury while dressed in identifiable prison clothes. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). When examining this issue on appeal, the court has focused on whether the defendant demonstrated that his clothing at trial was readily identifiable as prison attire, State v. Leggett, 363 So.2d 434 (La.1978), State v. Claiborne, 483 So.2d 1301 (La.App. 4th Cir.1986), whether the defendant was actually compelled after objection to stand trial in prison clothes, State v. Conger, 483 So.2d 1100 (La.App. 4th Cir.1986), and whether the defendant was prejudiced by wearing the prison clothing. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972). Additionally, to preserve the issue on review, the defendant must object at trial to being compelled to attend court proceedings in prison clothes. Estelle ¶. Williams, supra.
A review of the record does not show that defendant objected to being tried in prison clothes. Moreover, there is nothing in the record to support defendant’s contention that the trial court required him to be tried in prison clothes. Nowhere does it show that the trial court refused to allow him to change out of the prison clothes into civilian clothes. Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, defendant asserts the State failed to prove beyond a reasonable doubt that he either knew or had good reason to believe that the car was stolen.
The standard for reviewing a claim of insufficient evidence is whether, after reviewing all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
R.S. 14:69 provides (in part):
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances *918 which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
Therefore, the State had to prove beyond a reasonable doubt that: 1) the item in question was stolen; 2) the item was of value (in this case worth over $500.00); 3) the defendant either knew or had good reason to believe the item was stolen; and 4) the defendant intentionally procured, received or concealed the item. State v. Walker, 350 So.2d 176 (La.1977); State v. Slaughter, 451 So.2d 59 (La.App. 4th Cir.1984); State v. Wilson, 544 So.2d 1300 (La.App. 4th Cir.1989). Mere possession of the stolen property does not create a presumption that the defendant knew or had good reason to believe that it had been stolen by another. State v. Morris, 414 So.2d 320 (La.1982); State v. Wilson, supra.
When a conviction is based on circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Woods, 526 So.2d 443 (La.App. 4th Cir.1988). The statute does not establish a stricter standard of review, but is merely an evidentiary guide for the jury when it is considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Cass, 514 So.2d 589 (La.App. 4th Cir.1987). If a case is based on circumstantial evidence and the finder of fact reasonably rejects the defendant’s hypothesis of innocence, then that hypothesis fails; and unless another hypothesis raises a reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984); State v. Langford, 483 So.2d 979 (La.1986); State v. Woods, supra.
In State v. Canova, 541 So.2d 273 (La.App. 4th Cir.1989), as in the instant case, the issue was whether there was sufficient circumstantial evidence to show that the defendant knew or had good reason to believe that the property was stolen. In that case, the victim saw his boat and motor in the defendant’s yard approximately two months after it had been stolen. A search warrant was obtained, and the search revealed that the serial number had been scratched out on the motor. It also showed that the registration number on the boat did not match the one issued to the victim. The defendant stated that he had gotten the boat and motor from his father, who had obtained the boat when he had taken possession of the estate of a business acquaintance. However, the defendant presented no bill of sale or other documentation to support his claim. The defendant also admitted that the registration number on the boat had been taken from a friend’s boat. We affirmed the defendant’s conviction because there was sufficient circumstantial evidence that the defendant knew the boat was stolen.
In the instant case, viewing all the evidence in the light most favorable to the prosecution, we find that the State proved beyond a reasonable doubt that defendant either knew or had good reason to believe the car was stolen. Although the registration in defendant’s name stated the Mustang was green, the only color that could be seen through the red primer coat was silver-blue. There was no green paint to be found on the car. Moreover, the VIN on the registration did not match the one stamped on the car. Finally, the rivet gun and unused rivets found in the car matched those which had been used to reattach the VIN plate, proving that the VIN plate had been tampered with. We find this evidence sufficient to exclude any reasonable hypothesis of innocence.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3:
In his third and final assignment of error, defendant claims his Sixth Amendment right to confrontation was violated when the trial court admitted into evidence testimony regarding the confidential number which identified the Mustang as stolen. He argues that he was denied cross-examination of the confidential number, which he refers to as his “accuser.”
Defendant did not object to officer Parker's testimony concerning the confidential number when the subject was first brought up; in fact, he did not object until after officer Parker repeatedly testified about it. *919 Officer Tanner also referred to the confidential number several times before defendant objected.
C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of its occurrence. Defendant’s objection to the testimony about the confidential number came too late as it was made only after repeated references to the number by officer Parker. Thus, any error was waived. State v. Sepulvado, 359 So.2d 137 (La. 1978).
This assignment of error is without merit.
Accordingly, as we find no merit in any of the assignments of error asserted by defendant, the conviction and sentence are affirmed.
AFFIRMED.