NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-547

STATE OF LOUISIANA

VERSUS

MICHAEL JOHNSON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 49846
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Laurie Anne Hulin
Assistant District Attorney
Fifteenth Judicial District
100 North State Street, Suite 215
Abbeville, LA 70510
(337) 898-4320
Counsel for Appellee:
    State of Louisiana

**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
      **Michael Johnson**

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
      **Michael Johnson**

**DECUIR, Judge.**

Defendant, Michael Johnson, was convicted of one count of molesting a juvenile, in violation of La.R.S. 14:81.2. The trial court sentenced Defendant to serve fifty years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence.

## FACTS

Defendant lived a few trailers down from A.D. A.D., who was ten, visited Defendant, who was forty-four, often, and she and her sister played games with Defendant and his girlfriend. Defendant, a convicted sex offender, fondled A.D.'s breast and vagina in his camper located behind his main residence.

## ASSIGNMENT OF ERROR NO. 1

Defendant argues, "There is insufficient evidence to prove the guilt of defendant for the offense of molestation of a juvenile beyond a reasonable doubt." Defendant contends that his conviction should be overturned because the victim's testimony had inconsistencies; at first, the victim stated the touching occurred once, but later said it happened four times. Defendant also urges that his conviction should be reversed because there was a one-year delay between the offense and the initial report, a medical examination revealed no vaginal trauma or DNA, and because he denied anything ever happened.

Defendant additionally refutes his conviction because he was arrested on the victim's identification of him during a photographic lineup when she did not understand the detective's instructions. Defendant complains that his testimony was more credible than the victim's; the offense could not have happened in the camper behind Defendant's trailer because both he and his father testified that it had been locked since 2006 and that Defendant did not have a key. Defendant urges that the

prosecution's witnesses were not credible; both the victim and her mother had motive to fabricate the incident because he had denied the victim and her sister food because he had refused to hire A.D. to work for him, and because he had publicly declared that he intended to report the victim's mother to Child Protective Services for neglect. Defendant adds that his conviction is questionable because, despite the three other sexual predators living in the trailer park, including the victim's uncle, no one else was investigated for the offense.

In the alternative, Defendant argues the State failed to prove that he "used force, duress, intimidation, or threats of bodily harm to facilitate the act, or that he used influence by virtue of a position of control o[r] supervision of the juvenile." Defendant contends that there was no proof that he used force to accomplish the inappropriate touching. Defendant urges therefore that his conviction should be reduced to indecent behavior with a juvenile.

The Louisiana Supreme Court has set forth the standard for appellate review of claims challenging the sufficiency of the evidence:

> The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure the *Jackson* standard of review. It is not the function of an appellate court to assess credibility or re-weigh the evidence.

*State v. Macon*, 06-481, pp. 7-8 (La. 6/1/07), 957 So.2d 1280, 1285-86 (citations omitted).

2

WITNESS CREDIBILITY:

Defendant's primary challenge to his conviction is that this court should find his testimony and protestations of innocence more credible than the allegations of a ten-year-old. As stated by the supreme court, it is not the function of the appellate court to assess credibility. At sentencing, the trial court specifically stated that Defendant's testimony was unbelievable and not supported by his girlfriend. Defendant's protestations that he did not have a key to the camper were not, in the end, supported by either his father or his girlfriend. Defendant's father testified that he did not know whether Defendant made a copy of the key because he never asked Defendant. Defendant's girlfriend first asserted he did not have a copy of the key; however, she eventually testified that Defendant had such a key. Additionally, Defendant's credibility failed when he admitted to committing one offense on direct examination but denied committing the same offense on cross-examination. Defendant's confusion as to which of two separate sets of facts gave rise to his molestation conviction belied his protestations that he was completely innocent of the other set of facts.

Defendant complains that the victim's testimony was inconsistent; however, A.D.'s statements to adults, her statement at the Child Advocacy Center, and her testimony at trial were fairly consistent in essentials. Any variations at trial from the original statements could be attributed to the delay between the offense and trial or the stress of trial on the child. Defendant points out that there was no medical evidence of trauma to the child; however, the nature of the activity, touching, would not necessarily leave medical evidence.

3

Defendant contends that A.D.'s identification of him was not credible because she did not understand the photographic identification process. To the contrary, the investigating officer's testimony shows that, while A.D. did not initially understand, he was eventually able to explain the photographic lineup process in a manner that she understood. Defendant also claims that his conviction is suspect because there were other possible perpetrators in the area that law enforcement failed to investigate. However, the record shows that A.D. clearly identified Defendant as the perpetrator when she reported the crime, during the photographic lineup, and thereafter. There was no need for officers to investigate other possible offenders.

Thus, Defendant's protestations that A.D. was not a credible witness are without merit. Likewise, Defendant's claims that his testimony was believable are also without merit.

MOLESTATION OF A JUVENILE:

In the alternative, Defendant asserts the State failed to prove the essential elements of molestation of a juvenile and urges this court to reduce his conviction to indecent behavior with juveniles.

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

La.R.S. 14:81.2(A) as last amended by 2006 La. Acts No. 36, § 1; 2006 La. Acts No. 103, § 1, and 2006 La. Acts No. 325, § 2.

The evidence most favorable to the prosecution shows that in the late summer of 2008, Defendant, forty-four years of age, used his hand to fondle ten-year-old A.D.'s breasts and genitals under her clothing. Defendant also verbally admonished A.D. to refrain from telling her mother.

Force, Violence, Duress, Menace, Psychological Intimidation, Threat of Great Bodily Harm:

"Properly construed, the 'use of force' element refers to the forcible means of overcoming the will or resistance of the victim, and this additional essential element requires a use of force in addition to any mere touching or minimum effort exerted in performing the lewd act." *State v. Leblanc*,[1] 506 So.2d 1197, 1200 (La.1987). "This added element of force or intimidation must be greater or substantially different from the effort necessary to commit the less serious offense of indecent behavior with a juvenile[.]" *State v. Harp*, 97-1159, p. 3 (La.App. 5 Cir. 3/25/98), 708 So.2d 1269, 1271; *See also Leblanc*, 506 So.2d at 1200.

In the instant case, the record shows Defendant verbally instructed A.D. to not tell her mother what had happened. However, there is no evidence in the record that Defendant restrained A.D., committed any act in furtherance of obtaining her cooperation, threatened her, or in any way put A.D. in fear of harm.

Position of Control or Supervision:

In lieu of proving the use of force, violence, or intimidation, the State may also prove molestation by showing that the perpetrator committed the offense using his influence as a person in control of or supervising the victim.

---

[1]From the supreme court's opinion, it is unclear whether the defendant's name was spelled "LeBlanc" or "Leblanc."

5

In *State v. Bey*, 03-277 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, this court discussed the sufficiency of the evidence of a molestation case. The defendant, who was dating the victim's mother, visited the residence while the children's mother was working. While there, the defendant kissed the victim and rubbed her breasts and vaginal area. This court found that the defendant had been in a position of supervision over the victim:

> The record is replete with evidence supporting the acts of Defendant in babysitting the minor children of V.M., assigning chores to them, and disciplining them. L.M. described Defendant as "pretty much of a father figure." Indeed, the Defendant specifically testified he was in control of everyone in the victim's house on November 15, 1998 and the minors were under his supervision.

*Id*. at 1271. As in the instant case, the defendant in *Bey* pointed to inconsistencies in the testimony and asserted that the victim and her family had motive to fabricate the allegations against him; this court found that the inconsistencies did not affect the conclusion that the defendant molested L.M. and that matters of credibility would not be disturbed on appellate review. Based on these findings, this court affirmed the conviction.

Defendant was alone with A.D. in a camper behind his main residence when the incidents occurred. As the only adult present in a secluded location, Defendant was clearly in a position of supervision or control. This assignment has no merit.

**ASSIGNMENT OF ERROR NO. 2**

Defendant asserts, "The trial court erred in admitting prejudicial other crimes evidence." Defendant complains that he was not convicted based on the facts of the case; instead, he was convicted solely because of his prior bad acts. Defendant puts forth that he objected to the other crimes evidence; prior to trial, the defense moved to exclude the lustful disposition evidence. This evidence included two prior

6

convictions in the State of Washington and a Louisiana conviction for failure to register as a sex offender. Defendant urges that the prejudicial nature of the evidence far outweighs its probative value because the prior acts were not relevant. Defendant's argument discusses the other crimes evidence in general, but it specifically addresses Defendant's prior convictions. Defendant maintains that the admission of the evidence was not harmless error.

Defendant's argument appears to contest the introduction of (1) the unverified allegations that Defendant had touched other children known by A.D., (2) the bill of information in the Washington cases, and (3) the affidavit of arrest issued in the Washington prosecutions.

Once the trial court began viewing the videotaped statements made at the Child Advocacy Center, the defense renewed its objection to the statements made by A.D. that children of her acquaintance, other than she and V.D., had also been touched inappropriately by Defendant. The trial court sustained the objection. Thus, the court did not consider A.D.'s statements that she had heard of instances where Defendant had inappropriate contact with other local children.

In his brief to this court, Defendant urges that the evidence of his prior convictions was both irrelevant and unduly prejudicial. However, these arguments were not made during trial. In the pages of the record referenced by Defendant, the defense's sole argument concerning the inadmissibility of his prior convictions was that they would be inadmissible as character evidence unless Defendant testified. The record shows that Defendant testified in support of his own defense; therefore, the argument Defendant actually made became moot.

7

The record shows that Defendant's conviction for failure to register as a sex offender came in through Detective Broussard's testimony when he explained that, after the initial complaint, he was able to get an arrest warrant for Defendant based on that offense. Detective Broussard later stated that he was not able to get an arrest warrant based on Defendant's actions toward A.D. until after the Child Advocacy Center interviews. The defense did not object at that time. Therefore, even though Defendant now complains about the references made to his conviction for failure to register as a sex offender, his complaint is barred under the contemporaneous objection rule: "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim.P. art. 841. At the conclusion of the State's case, the prosecution moved to introduce evidence that Defendant had two prior sex offense convictions in Washington. Defendant objected to the admission of an affidavit as evidence of one of the prior offenses, and the trial court sustained the objection. Thus, only Defendant's prior conviction for molestation was allowed into evidence. The documents he objected to at the beginning of trial, the bill of information and affidavit of arrest, were not admitted into evidence at this point.

As previously discussed, Defendant now argues that his earlier convictions were inadmissible because they were irrelevant and because they were unduly prejudicial. Once again, the defense made no objection to the evidence on that basis at the time it was admitted into evidence, and the argument the defense made prior to trial became moot when Defendant testified. Therefore, the claims contained in Defendant's brief concerning the admissibility of his prior convictions are now barred

8

from review. La.Code Crim.P. art. 841; Uniform Rules—Courts of Appeal, Rule 1-3; Uniform Rules—Courts of Appeal, Rule 2-12.4.

Because the trial court modified its original rulings to omit the evidence Defendant originally argued was inadmissible, the other crimes evidence admitted into evidence during the State's case-in-chief ultimately consisted of three things: (1) Defendant's alleged touching of V.D., which was done at the same time he fondled A.D., (2) Defendant's failure to register as a sex offender, and (3) Defendant's prior conviction for molestation in Washington State.

The record shows that the affidavit of probable cause supporting the bill of information charging Defendant with the Washington offenses was admitted into evidence during Defendant's case-in-chief. As part of his defense, Defendant testified on direct examination about the details of his conviction for molestation and his failure to register as a sex offender. Defendant asserted that the molestation conviction was based on his touching an underage "gal" at a "twenty-one party" where everyone was supposed to have been carded at the door.

On cross-examination, the State revisited the basis Defendant stated for his molestation conviction. When the prosecutor asked Defendant why the affidavit of probable cause issued in the Washington case showed that Defendant had been convicted of molestation based on his touching and having sexual intercourse with the juvenile H.A. during an overnight stay with Defendant, the defense objected on the basis that the trial court had already determined the affidavit of probable cause to be inadmissible. The trial court overruled the objection because the defense had opened the door when Defendant had testified about the basis for his molestation conviction. Defendant admitted that he had pled guilty to molestation of H.A.; he

9

then changed his earlier testimony by stating he had pled guilty to verbal assault, a misdemeanor, in the other case because he had not molested the girl at the "twenty-one party."

At that point, the State introduced into evidence the affidavit of probable cause supporting the Bill of Information issued in the Washington prosecution. When Defendant made a general objection to the admission of the evidence without stating a basis therefor, the trial court overruled that objection but granted Defendant's more specific objection requesting the prosecutor's statement "regarding other things . . . than this conviction" be excised from the document.

Defendant's brief to this court does not reference this later admission of the probable cause affidavit. Moreover, Defendant's trial counsel did not object to this evidence on the grounds of relevancy or undue prejudice. Therefore, any argument that this other crimes evidence was irrelevant and unduly prejudicial is not reviewable on appeal. La.Code Crim.P. art. 841; Uniform Rules—Courts of Appeal, Rule 1-3; Uniform Rules—Courts of Appeal, Rule 2-12.4.

Accordingly, this assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 3

Defendant argues, "The trial court erred in denying the Defendant's request for a trial by jury." Defendant complains the minutes of court do not show that he was ever advised of his right to trial by jury, his right to waive the jury, and his right to have a bench trial. The day before trial, Defendant waived his right to trial by jury, but he changed his mind and requested to have his case heard by a jury on the day of trial. Defendant alleges that there was no showing that any of the factors in La.Code Crim.P. art. 780(C) apply to his case.

10

The Louisiana Code of Criminal Procedure allows defendants to waive their rights to a trial by jury and to subsequently withdraw their waivers:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
>
> B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.

La.Code Crim.P. art. 780(A)-(B).

Even though "the trial judge must determine if the defendant's jury trial waiver is knowing and intelligent, that determination does not require a *Boykin*-like colloquy." *State v. Brooks*, 01-1138, p. 8 (La.App. 1 Cir. 3/28/02), 814 So.2d 72, 78, *writ denied*, 02-1215 (La. 11/22/02), 829 So.2d 1037 (citing *State v. Frank*, 549 So.2d 401, 406 (La.App. 3 Cir. 1989)). "[T]he preferred method of ensuring the right is for the trial judge to advise defendant personally on the record of his right to a jury and to require that defendant waive the right personally either in writing or by oral statement in open court on the record"; however, "the Louisiana Supreme Court has rejected an absolute rule requiring the trial judge to personally inform defendant of his right to a jury trial." *Brooks*, 814 So.2d at 78 (citing *State v. Roberts*, 01-154, p. 13 (La.App. 3 Cir. 10/3/01), 796 So.2d 779, 788, *writ denied*, 01-2974 (La. 9/20/02), 825 So.2d 1163).

Our review of the record reveals that, contrary to Defendant's allegation, he was advised of his right to trial by jury and that he was aware of his right to waive the jury and proceed with a bench trial.

11

Defendant also contends the trial court erred in denying his motion to withdraw his jury waiver. Under La.Code Crim.P. art. 780(C), the existence of certain factors will bar defendants from withdrawing their jury waivers: "The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state."

In this case, just before trial commenced the next morning, the defense moved to withdraw Defendant's waiver of his right to trial by jury. In *State v. Canova*, 541 So.2d 273, 276 (La.App. 4 Cir. 1989), the defendant sought to withdraw his jury waiver immediately before trial after the jury venire had been discharged. The fourth circuit determined that "withdrawal at that point, would unnecessarily have delayed the trial and inconvenienced the witnesses." *Id*.

Although the district court did not specifically state it found that withdrawal of Defendant's jury waiver would result in one of the circumstances listed in La.Code Crim.P. art. 780(C), it is apparent from the record that withdrawal of Defendant's jury waiver would have caused unnecessary delay and unnecessary inconvenience to the witnesses. Trial would have necessarily been postponed so the court could call a new pool of potential jurors and so the parties could select the jury. Also, the witnesses in the case would have been sent home. After being re-subpoenaed for the new trial date, the witnesses would have, once again, needed to make arrangements to absent themselves from their regular schedules and other commitments to be present at court. Thus, withdrawal of Defendant's jury waiver would have delayed trial and inconvenienced the witnesses. Under La.Code Crim.P. art. 780(C), the presence of either factor would block Defendant from withdrawing his waiver. Therefore, the

trial court did not abuse its discretion in denying Defendant's motion to withdraw his jury waiver.

Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 4

Defendant urges, "The sentence imposed is excessive for this offender and offense." Defendant puts forth that the sentencing court erred in relying heavily on Defendant's denial of guilt and his prior sex offense convictions in imposing Defendant's penalty in the instant case. Defendant contends that his sentence is a needless infliction of pain and suffering and that his sentence is grossly out of proportion with the severity of the offense.

Defendant was exposed to a sentence in the range of twenty-five to ninety-nine years. La.R.S. 14:81.2. The trial court imposed a midrange sentence of fifty years. He found specifically that Defendant was not credible and that he had a propensity for sexually assaultive behavior. We find no error in the trial court's sentence.

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.