FOURNET, Chief Justice.
The defendants,[1] having been charged jointly in a Bill of Information containing two counts with violation of (1) R.S. 14:- *153 100.1 (obstructing public passages), and (2) R.S. 14:103.1 (disturbing the peace), are appealing from their convictions and sentences thereunder, relying for the reversal thereof on several errors allegedly committed during the course of their trial to which objections were timely made and duly perfected in Bills of Exceptions, the first being reserved when the trial judge refused to quash the information on the grounds set forth in the motion, among which is the contention that the information “does nothing more than set forth a conclusion of law, and does not state with certainty and sufficient clarity the nature of the accusation.” [2]
Inasmuch as the offenses the defendants are alleged to have committed are not among those set out in Article 235 of the Code of Criminal Procedure (R.S. 15:235), permitting the use of the short form in the drafting of accusations in certain well-understood and well-defined crimes, and that portion of this article authorizing the charging of a defendant by using only “the name and article number” of the offense has been declared null and without effect (State v. Straughan, 229 La. 1036, 87 So.2d 523), it remains for us to determine whether the information in the instant case conforms to the requirements of Article 227 of the Code of Criminal Procedure (R.S. 15:227), the pertinent portion of which provides that “The indictment must state every fact and circumstance necessary to constitute the offense * * *.” This, of course, is the statute enacted in furtherance of the constitutional mandate that “the accused shall be informed of the nature and cause of the accusation against him.” Section 10 of Article I of the Constitution of 1921, LSA. (The emphasis has been supplied.)
The state, recognizing that under the constitution, law, and jurisprudence an accused must not only be informed of the nature and cause of a charge that has been predicated on a statute intelligible to the average person, but also that the accusation must be couched in language sufficient to enable him to prepare his defense, insure the charge will serve to effectively bar any further prosecution fot the same offense, and that a mere tracking of the language of a statute that does not give the required information — particularly where the statute characterizes the offense in general or generic terms — by a specification of the facts and circumstances on which the charge is based, does no more than charge a conclusion of law, has actually conceded in written and oral argument that viewed in the light of these authorities “the bill of information filed against the defendants in this case appears to be defective." See, the sixth amendment to the constitution of the United States; Section 10 of Article I of the Louisiana constitution; State ex rel. Etie v. Foster, 112 La. 746, 36 So. 670; State v. Verdin, 192 La. 275, 187 So. 666; State v. Varnado, 208 La. 319, 23 So.2d 106; State v. Blanchard, 226 La. 1082, 78 So.2d 181; and State v. Broussard, 233 La. 866, 98 So.2d 218, as well as State v. Vanicor, 239 La. 357, 118 So.2d 438. (The emphasis has been supplied.)
“The true test of the sufficiency of an indictment is * * * whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to *154 meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.” Peters v. United States, 9 Cir., 94 F. 127, 131, 36 C.C.A. 105 (certiorari denied by the United States Supreme Court, 176 U.S. 684, 20 S.Ct. 1026, 44 L.Ed. 638). See, also, State v. Varnado, 208 La. 319, 23 So.2d 106. (The emphasis has been supplied.)
The first count in the information charges the defendants with violation of “Revised Statute 14:100.1 as amended by Act 80 of 1960, relative to obstructing public passages, to-wit: a public sidewalk, by impeding and restraining passage thereon.” It is obvious from a mere glance at this charge that it totally fails to meet the test laid down in Peters v. United States, supra. There is not a single fact or circumstance set out in this count of the information that informs the defendants of the nature and cause of the crime with which they are here charged, as required by the constitution. Actually, it is no more than a conclusion of law on the part of the pleader.
The same may be said of the second count, which merely charges the defendants violated “Revised Statute 14:103.1 as amended by Act 69 of 1960, relative to disturbing the peace by failing and refusing to disperse on public sidewalk when ordered to do [so] by police * * *.” (The word in brackets has been supplied.)
R.S. 14:103.1, in so far as pertinent here, declares that “disturbing the peace” occurs whenever someone "with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby: (1) crowds or congregates with others * * * in or upon a * * :|! public street or public highway, or upon a public sidewalk, or any other public place or building * * * and * * * fails or refuses to disperse and move on * * * when ordered to do so by any law enforcement officer * (The emphasis has been supplied.)
The second count of the information fails to disclose any charge that the defendants crowded or congregated with others in or upon any particular public street, highway, sidewalk, or any other public place or building with the intent to provoke a breach of the peace, thereby excluding the most vital element of the offense sought to be denounced by R.S. 14:103.1.
We must conclude, therefore, that the trial judge improperly overruled the motion to quash. This makes it unnecessary for us to consider the other grounds on which the motion to quash is predicated, as well as the other Bills of Exceptions that were reserved during the course of the trial.
For the reasons assigned, the motion to quash is sustained, and the conviction and sentence of each defendant herein is annulled and set aside.

. The first four named defendants are Negro students who were members of the Congress of Racial Equality. The fifth, Constance Bradford, was a white student who eluded trial by absenting herself from the court’s jurisdiction without permission.

. In the motion it is charged, additionally, that the information contravenes the fourteenth amendment to the constitution of the United States, the equal protection and due process clauses of the state and federal constitutions; that the statutes under which the charges were brought are so vague they establish no ascertainable standard of guilt, exceed the police power of the state, are discriminatory in that activities of labor organizations are exempt from their provisions; and, finally, the defendants were not threatened with arrest because they were disturbing the peace or obstructing public sidewalks, but, instead, because they were peacefully protesting and picketing against racially segregated service at lunch counters.