BARHAM, Justice.
 

 This is an appeal from a conviction and sentence under an amended bill of information charging obscenity as a felony, under R.S. 14:106(A) (1) and (C).
 
 [1]
 
 
 *15
 
 More than 20 bills of exception were perfected in the case, and several of these present interesting legal propositions which may have merit. We pretermit a discussion of all the bills of exception, however, for the bill of information is fatally defective on its face for failure to charge a crime under Louisiana law, and we take note of this ex propria motu, as we must. C.Cr.P. Art. 920(2); State v. Croal, 198 La. 820, 5 So.2d 16; State v. Guillot, 200 La. 935, 9 So.2d 235; State v. Toney, 205 La. 451,
 
 17
 
 So.2d 624; State v. Daye, 243 La. 725, 146 So.2d 786.
 

 The crime attempted to be charged is defined in R.S. 14:106 as follows:
 

 “A. Obscenity is the intentional:
 

 “(1) Exposure of one’s person in a public place in such manner that any part of a sex organ may be seen by another person,
 
 with the intent of arousing sexual desire.
 

 “
 
 * * * ” (Emphasis supplied.)
 

 The amended bill of information under which this defendant was prosecuted alleged that he on or about August 22, 1968, “ * * * at 4:45 P.M. O’clock [d] id intentionally expose his person in a public place, Louisiana Ave. and Cherryhill St., City of Lake Charles, Parish of Calcasieu, State of Louisiana, in such a manner that a part of his sex organ may have been seen by [two named unmarried females of the age of 13 years] * * *, in violation of Section One (1) of R.S. 14 106. * * ”
 
 [2]
 

 Basic law in our state and throughout this nation requires that the facts which constitute each and every essential element of the crime charged must be set forth with certainty, clarity, particularity, and precision, so as to inform the accused of the nature and cause of the accusation.
 
 *17
 
 La.Const. of 1921, Art. 1, Sec. 10; U.S. Const. 6th Amendment.
 

 There is omitted from the bill of information in the instant case the allegation that the act was committed
 
 " *
 
 * * with the
 
 intent
 
 of arousing sexual desire”. This intent falls into the category of “specific intent” (R.S. 14:11). We have consistently held that when specific intent, knowledge, or a specific state of 'mind is included in the definition of an offense, this is an essential element of the crime and must be particularly charged as a fact in the indictment or information.
 
 [3]
 
 State v. Thibodeaux, 136 La. 935, 67 So. 973; State v. Berger, 156 La. 737, 101 So. 124; State v. Gros, 216 La. 103, 43 So.2d 232; State v. Smith, 243 La. 656, 146 So.2d 152. See also State v. Roth, 224 La. 439, 69 So.2d 741; State v. Daniels, 236 La. 998, 109 So. 2d 896. This rule, which is responsive to federal constitutional requirements, is universal throughout this country. 42 C.J.S. Indictments and Informations § 134; United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.
 

 Since the bill of information fails to charge a crime punishable under Louisiana law because of the omission of an essential ingredient of the offense sought to be charged, it is ordered quashed, and the defendant’s conviction and sentence are set aside.
 

 [1]
 

 . After a jury had been impanelled, the trial court ordered a mistrial on its own motion because the bill of information charged only a “petty” misdemeanor
 
 *15
 
 triable by judge alone. The State on the next day filed a new bill charging obscenity as a felony by alleging that the persons in whose presence the act was committed were unmarried and under the age of 17. The State, however, decided to proceed to trial upon the original bill with amendment to that effect. The defendant on advice of counsel stood mute to arraignment, and a not guilty plea was entered for him by the court. On that same day, before commencement of trial, the court allowed the filing of motions for a continuance, for a bill of partieular-s, to quash, and to suppress, but denied all motions summarily and held no evidentiary hearings on any of them. Defendant was then immediately tried before another jury under the amended bill.
 

 [2]
 

 . It appears that the information, as first drawn and as amended, followed Section (A) (1) of the original statute which defined obscenity as the exposure of a sexual organ in public. Another portion of that statute was declared unconstitutional in State v. Christine, 239 La. 259, 118 So.2d 403. Thereafter the statute was amended several times and in many respects, especially providing scienter. Section (A)
 

 (1) was amended to include the additional language “with the intent of arousing sexual desire”.
 

 [3]
 

 . This is not essential in those crimes for which a short form indictment is provided by Code of Criminal Procedure Article 465. Obscenity, however, cannot be charged by short form indictment. Additionally, we note that the mere reference to the criminal statute by title and section does not cure a defect of omission to charge a necessary ingredient of the crime. See State v. Straughan, 229 La. 1036, 87 So.2d 523, and State v. Smith, 243 La. 656, 146 So.2d 152. Moreover, Code of Criminal Procedure Article 464, which requires that the title and section of the statute be included in the bill of information, states that the omission of the citation is not a fatal defect.