411 So.2d 35 (1982)
STATE of Louisiana
v.
Jerry BUTTNER.
No. 81-KA-1939.
Supreme Court of Louisiana.
March 1, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, William O'Hara, James B. Letten, Jennifer A. Olinde, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-appellee.
Warren DeArgano and Dwight Doskey, of Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*36 CARTER, Associate Justice Ad Hoc.[*]
Defendant, Jerry Buttner, was charged by a Bill of Information filed March 31, 1980, with Attempted Second Degree Murder, in violation of La.R.S. 14:27 and 14:30.-1.[1] Defendant was arraigned on April 3, 1980, and entered a plea of not guilty to the charge of attempt to commit second degree murder on one Henry Melliet. On June 30, 1980, the State nolle prossed the original Bill of Information filed March 31, 1980, and filed a "direct bill" against the defendant charging him with attempted first degree murder in violation of La.R.S. 14:27 and 14:30.[2] Defendant waived formal arraignment and entered a plea of not guilty. On February 18, 1981, after a trial by a jury of twelve, defendant was found guilty as charged.[3] On February 25, 1981, the court sentenced the defendant to serve twenty-five years at hard labor.
Defendant appeals on one assignment of error, i.e., the trial court erred in proceeding with the trial when no valid Bill of Information had been filed. We agree and reverse the conviction.
Article 384 of the Louisiana Code of Criminal Procedure provides: "An Information is a written[4] accusation of crime made by the District Attorney and signed by him. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof."
Article 691 of the Louisiana Code of Criminal Procedure provides "The District Attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the Court." The record is clear that there was only one Bill of Information pertaining to this offense filed against the accused, namely that Bill of Information containing on its front the charge "attempted to commit second degree murder on one, HENRY MELIET" and on *37 the back thereof, "VIO. R.S. 14:27(30).[5] The court minutes of June 30, 1980, clearly reflect that this Bill of Information was nolle prossed. Unquestionably, under Article 691 of the Louisiana Code of Criminal Procedure, the Assistant District Attorney has the authority to make an oral motion to nolle prosse in open court and this was accomplished. This leaves the defendant having been arraigned, tried and convicted on a non-existent charge since no written Bill of Information had been filed against him. Article 384 of the Louisiana Code of Criminal Procedure clearly provides that an Information is a "written accusation of crime ..." Where there is no written accusation of crime there can be no valid arraignment, trial or conviction.[6] Since there was no valid indictment and no written Bill of Information the fact that no objection was lodged is of no consequence. An error patent and discoverable upon the mere inspection of the pleadings and minutes may be asserted at any time, and even if not asserted would be noted ex propria motu. La.Code Crim.P. article 920(2), State v. Oliveaux, 302 So.2d 266 (La., 1974), State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970). In conclusion, the defendant was apparently arraigned, tried, convicted and sentenced on a nonexistent charge. An oral Bill of Information is no Bill of Information at all. This error patent on the face of the record requires a reversal of the conviction.
For the above and foregoing reason the conviction is reversed and the sentence set aside.
REVERSED.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter and Felix N. Savoie, Jr. of the First Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Marcus and Dennis.
[1] On the front of the Bill of Information the defendant is charged with "... attempt to commit second degree murder of one HENRY MELIET...", and on the back of the Bill of Information the charge reads "VIO.R.S. 14:27(30)".
[2] The court minutes of June 30th state "Defendant appeared with counsel, Walter Sentenn, Esq. In case # 275,699, the State filed a direct bill against the defendant charging R.S. 14:27(30) and nolle prossed the original bill charging R.S. 14:27(30.1). The defendant waived the reading of the direct bill and pleaded not guilty and was granted ten days for pleadings."
[3] It is not clear to this court whether defendant was being tried for attempted second degree murder or attempted first degree murder. Apparently the trial judge, prosecutor and defense counsel assumed that the defendant was being tried for attempted second degree murder as will appear from the responsive verdict sheet which follows:
STATE OF LOUISIANA CRIMINAL DISTRICT COURT
 VERSUS PARISH OF ORLEANS
JERRY I. BUTTNER SECTION "F" NO. 275-699

CHARGE IN BILL OF INFORMATION: ATTEMPTED SECOND DEGREE MURDER
RESPONSIVE VERDICTS
You may render any one of the following responsive verdicts:
1. GUILTY AS CHARGED
2. GUILTY OF ATTEMPTED MANSLAUGHTER
3. GUILTY OF AGGRAVATED BATTERY
4. NOT GUILTY
You are to pay no attention whatsoever to the numerical order in which these verdicts are listed.
(s) Oliver P. Schulingkamp OLIVER P. SCHULINGKAMP, JUDGE SECTION "F", CRIMINAL DISTRICT COURT
New Orleans, Louisiana February 18, 1981
[4] Emphasis provided by the Court.
[5] The Court has previously noted the contradiction between the front and the back of the Bill of Information.
[6] See State v. Fontenot 256 La. 12, 235 So.2d 75 (1970).