PLOTKIN, Judge,
dissenting.
I respectfully dissent from the majority opinion because I believe that the Atkins case, upon which the majority relies, must be distinguished from the instant case. In Atkins, the defendant was convicted of stealing $20,373.46 in funds from a client’s bank account. Thus a bill of information charging him with theft of currency was appropriate. It is not appropriate when a defendant is accused of changing price tags on items of clothing. Such a bill of information does not give the defendant adequate notice of the charge. An accused in a criminal proceeding shall be informed of the nature and cause of the accusation against him or her. Louisiana Const. Art. I, sec. 13, State v. Johnson, 404 So.2d 239, 242 (La.1981). A trial court is in error when it proceeds to trial without a valid bill of information, and such error invalidates the trial and conviction. State v. Buttner, 411 So.2d 35, 36-37 (La.1982).
The appeal raises the issue of the sufficiency of the evidence. Under the Jackson standard, a rational trier of fact must be able to find beyond a reasonable doubt proof of every element of the crime charged. The crime charged was theft of U.S. currency. There is no evidence in this case that the defendant stole any U.S. currency.
For the above reasons, I respectfully dissent and would reverse appellant’s conviction and sentence.