JjMIRIAM G. WALTZER, Judge.
STATEMENT OF THE CASE
Defendant David Hamilton was charged by bill of information on 27 August 1999 with armed robbery, a violation of La. R.S. 14:64.[1] Defendant pleaded not guilty at his 1 September 1999 arraignment, was tried by a twelve-person jury and found guilty as charged on 3 August 2000. On 20 September 2000, defendant was sentenced to fifty years at hard labor, without benefit of probation, parole or suspension of sentence. Defendant was granted an out-of-time appeal on 14 January 2002.

STATEMENT OF FACTS

Defendant was tried and convicted for the 3 June 1999 robbery of the Bank One branch located at 4401 South Claiborne Avenue.
Nancy Saltzman, a teller working at the bank on the day of the robbery, testified that at approximately 10:00 a.m., four males wearing bandannas, at least one them armed, entered the bank and told everyone to get down. She could not identify defendant as one of the perpetrators.
LAllie Timberlake, another teller, testified that in addition to bandannas, all four robbers were wearing sunglasses, and at least one was wearing a baseball cap. After one robber jumped over the counter next to her, she got down and duck-walked away. After the robbery, she returned to her teller window and saw that all the money was gone from her bottom cash *569 drawer. She noticed a black garbage bag on the floor that she knew did not come from the bank, because they used white bags in their trash cans. A bag was introduced in evidence. She could not identify defendant as one of the robbers.
Christine Jones, a customer relations banker present at the time of the robbery, said she would not be able to identify any of the robbers if she were to see them again.
FBI Special Agent Daryl O’Donnell investigated the bank robbery, with approximately ten other agents. He mentioned the garbage bag the robbers apparently left behind. The getaway vehicle, a 1988 Jeep Cherokee, was located in the 2600 block of Valence Street. One individual, Joshua Cheney, was first developed as a suspect. Subsequently, three other individuals, including defendant, were developed as suspects. Defendant gave a statement, saying that it was impossible for him to account for his whereabouts on 3 June 1999. Defendant was fingerprinted. A telephone number found on another suspect’s beeper was that of defendant’s mother.
Glen Gegenheimer identified a photo of the getaway car as his 1988 Jeep Cherokee, which he said was stolen the night before the robbery. New Orleans Police Technical Specialist Dorothy Butler helped process the crime scene, taking photographs and dusting for fingerprints.
IsFBI Special Agent Wayne Robinson collected evidence and photographed the crime scene. He collected the plastic garbage bag identified by Ms. Timberlake. New Orleans Police Officer Melvin Williams testified that he was contacted by Agent O’Donnell and shown a bank surveillance photo of one of the gunmen. Officer Williams was able to identify that suspect as Joshua Cheney. New Orleans Police Detective Gerard Kuhn prepared arrest warrants for defendant and the three other suspects. FBI Special Agent Donaldo Rodriguez was called out to process the 1988 Jeep Cherokee identified as the getaway car. He identified a dollar bill and money wrapper found inside of the vehicle. He said a dark plastic bag was also recovered from the vehicle. He identified locations on the vehicle where latent fingerprints were lifted.
FBI fingerprint specialist Mark Stendts was qualified as an expert in fingerprints. He testified that he matched thirteen latent fingerprints to fingerprints taken from defendant. Five were lifted from the black garbage bag left behind at the bank. Seven others were lifted from the getaway car. The thirteenth was lifted from the black plastic garbage bag found in the getaway ear.

ERRORS PATENT AND THIRD ASSIGNMENT OF ERROR

A review of the record reveals one error patent. The bill of information is missing from the record. According to State v. Buttner, 411 So.2d 35 (La.1982), this constitutes an error patent. However, in State v. Mitchell, 553 So.2d 915 (La.App. 4 Cir.1989), this Court found that a record lacking a bill of information was harmless error, where, as in the instant case, the defendant made no complaint that he was unable to properly defend himself, and the docket master indicated that the bill of information had been filed.
1 ¿Furthermore, a minute entry reflects that defendant waived a reading of the bill of information. There is no indication that defendant was unaware that he was charged with robbing the Bank One branch located at 4401 S. Claiborne Avenue in New Orleans at or about 10:00 a.m. on 3 June 1999.
Accordingly, this error is harmless.

*570
FIRST ASSIGNMENT OF ERROR: The trial court erred in denying defendant’s oral motion for a continuance.

A motion for continuance shall be in writing and shall be filed at least seven days prior to the commencement of trial. La.C.Cr.P. art. 707. However, where occurrences that allegedly make the continuance necessary arise unexpectedly, and defendant has no opportunity to prepare a written motion, an oral motion may be sufficient. State v. Sam, 99-0300, p. 16 (La.App. 4 Cir. 4/19/00), 761 So.2d 72, 82, writ denied 2000-1890 (La.9/4/01), 796 So.2d 672. The trial court has great discretion in deciding whether to grant a motion for continuance, and this decision will not be disturbed on appeal in the absence of an abuse of that discretion. State v. Castleberry, 98-1388, p. 5 (La.4/13/99), 758 So.2d 749, 755. Even where an abuse of discretion is found, a defendant’s conviction will not be reversed in the absence of a showing of specific prejudice. Castleberry, 98-1388, p. 5, 758 So.2d at 756.
In the instant case, on the morning of trial, prior to selection of the jury, defense counsel requested a continuance, representing that she was assigned the case as a public defender from three weeks to three months ago, Counsel claimed that she did not have the results of the fingerprint analyses, and noted that at a prior motion hearing there had been some discussion with regard to a hearing to |fidetermine the qualifications of the fingerprint expert. Defense counsel also stated that there was a reference in prior counsel’s notes that one co-defendant had stated that defendant had not been involved in the “matter.” Counsel said she had been unable to contact that individual, who apparently was incarcerated, and that he had been on “lock-down” the last time she tried to see him. Counsel did not mention when she had attempted to see the individual. Defense counsel also noted that defendant had two alibi witnesses who “apparently” were interviewed by the public defender’s office. She represented that she had been unsuccessful in her attempt to contact them.
The State announced it was ready for trial and represented that it had filed discovery motions, and had never been provided notice of an alibi defense or any information regarding alibi witnesses. La. C.Cr.P. art. 727 requires a defendant, upon request, to give the State written notice of his intention to offer an alibi defense. The State further noted that its FBI fingerprint expert had come to New Orleans from Washington, D.C. to testify at defendant’s trial. Finally, the State represented that it had turned over all the fingerprint results to defense counsel’s predecessor.
The trial court denied the motion for continuance, and immediately thereafter held a hearing at which defense counsel contested the qualifications of the FBI fingerprint expert. Defendant makes no claim on appeal that the trial court erred in qualifying the FBI fingerprint expert.
La.C.Cr.P. art. 709 provides that a motion for continuance based upon the absence of a witness must state the facts to which the absent witness is expected to testify, facts and circumstances showing a probability that the witness will be available at the time to which the trial is continued, and facts showing due |fidiligence used in an effort to procure attendance of the witness. See, State v. Rose, 557 So.2d 409 (La.App. 4 Cir.1990).
In the instant case, defense counsel did not communicate personally with any of the three purported witnesses, the co-defendant and the two alleged alibi witnesses. Thus, counsel could not have known exactly what the substance of their *571 testimony might have been, and thus whether she would have called them as witnesses. Defense counsel gave no indication that these witnesses would be available at the time to which the trial might have been continued. Finally, defense counsel failed to show due diligence used in attempting to secure the attendance of the witnesses:
Defendant frames the issue as the denial of a motion to continue based on inadequate time to prepare a defense. In State v. Simpson, 403 So.2d 1214 (La.1981), cited by defendant, the public defender moved for a continuance on the morning of trial, stating that he was unaware that his office had been appointed to represent the defendant, and representing that he was unprepared. The trial court denied the motion, and defendant was tried and convicted. On appeal, the court noted that the public defender’s office was unaware a trial date had been set, although defendant had been, and found that the trial court had abused its discretion in denying the motion for continuance.
Defendant also cites State v. Knight, 611 So.2d 1381 (La.1993), where the trial court denied a request for a continuance by a substitute public defender handling the regular public defender’s docket for the day the defendant’s trial happened to be scheduled. On appeal, the court held that the trial court’s discretion to grant or deny a motion for continuance did not extend to effectively denying the defendant his right to counsel.
[7Neither Simpson nor Knight is analogous to the instant case. Defendant’s trial counsel stated that she had the case “for the last, I guess, three months, three weeks, two months, I don’t know how long, however long” her predecessor had been gone.
In the instant case, defendant was convicted primarily on the expert testimony of the FBI fingerprint expert, who matched defendant’s fingerprints to five latent fingerprints found on a plastic garbage bag left in the bank by the robbers, seven latent fingerprints found on the getaway car, which had been stolen the night before the robbery, and one latent fingerprint found on a plastic garbage bag found in the getaway car. Independent testimony established the recovery of the two plastic garbage bags and the getaway car.
Defense counsel thoroughly cross-examined the FBI fingerprint expert. Defendant fails to show that his trial counsel did not have adequate time in which to prepare his defense. Considering all of the facts and circumstances, it cannot be said that the trial court abused its discretion in denying the motion for continuance.
There is no merit to this assignment of error.

SECOND ASSIGNMENT OF ERROR: The sentence is constitutionally excessive.

The record reflects that defendant failed to file a motion to reconsider sentence or orally object to the sentence. Accordingly, he is precluded from raising the claim of excessive sentence on appeal. La.C.Cr.P. art. 881.1; State v. Howard, 2000-2700, p. 19 (La.App. 4 Cir. 1/23/02), 805 So.2d 1247, 1260.
Moreover, defendant was convicted for participating with three masked men in the 10:00 a.m. armed robbery of a bank located at a major intersection in New | ¡¡Orleans, putting numerous lives at risk. Defendant, who was thirty-four years old at the time of sentencing, had two prior convictions for burglary, one for which he served four years in prison. Defendant also had one conviction for possession of a firearm by a convicted felon, for which he served nine years in prison. Defendant offered no testimony as to any mitigating *572 circumstances. Defendant was sentenced to fifty years at hard labor, approximately one-half of the ninety-nine year maximum sentence he could have received under La. R.S. 14:64. Defendant fails to show that the sentence imposed is constitutionally excessive. That is, he fails to show that the sentence makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. See, State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677.
There is no merit to this assignment of error.
CONCLUSION AND DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. The bill of information is missing from the record and apparently cannot be located.