**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-996

STATE OF LOUISIANA

VERSUS

LLOYD N. BYNOG

************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. T 84546
HONORABLE ERIC ROGER HARRINGTON, JUDGE

************

**PHYLLIS M. KEATY**
**JUDGE**

************

Court composed of John D. Saunders, J. David Painter, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**

**Hon. Van Hardin Kyzar**
**District Attorney, 10th JDC**
**P.O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**

**Robert Stuart Wright**
**ADA - 10th JDC**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
         **State of Louisiana**

**James Edward Beal**

**La. Appellate Project**
**P.O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**COUNSEL FOR APPELLANT:**
**Lloyd N. Bynog**

**William Jared Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**

**Keaty, Judge.**

The Defendant, Lloyd N. Bynog, was charged by bill of information filed on November 2, 2007, in docket number T84794A, with driving while intoxicated, first offense, in violation of La.R.S. 14:98; improper lane usage, in violation of La.R.S. 32:79; driving under suspension, in violation of La.R.S. 32:415; and switched license plate, in violation of La.R.S. 47:536. The date of the offenses was listed as October 6, 2007. On November 7, 2007, a second bill of information was filed in docket number T84794A. Therein, the Defendant was charged with driving while intoxicated, third offense, and the other three offenses listed in the bill filed on November 2, 2007.

The State filed a "Motion and Order" in docket number T84546A in which it noted the matter was originally assigned docket number T84546A and, through error, was then assigned docket number T84794A. Thus, the case files needed to be consolidated "to one docket number." The trial court then signed the following order on November 13, 2007: "IT IS ORDERED that Criminal Case Docket Number T84794A be and is hereby transferred to and consolidated with Criminal Case Docket Number T84546A and that all records pertaining thereto be therein."

On November 27, 2007, the Defendant was charged by bill of information filed in docket number T84546A with driving while intoxicated, first offense, in violation of La.R.S. 14:98; improper lane usage, in violation of La.R.S. 32:79; driving under suspension, in violation of La.R.S. 32:415; and switched license plate, in violation of La.R.S. 47:536. The date of the offenses was listed as October 6, 2007. The State amended the bill of information to charge the offense of driving while intoxicated, third offense, on November 28, 2007, and the Defendant entered a plea of not guilty. On November 28, 2007, docket number T84794A was dismissed at the request of the State.

The Defendant entered a plea of guilty to driving while intoxicated, third offense, on March 6, 2009, in docket number T84794A, and the State moved to dismiss the remaining charges. The "Determination of Understanding of Constitutional Rights Nature of Charge and Consequence of Guilty Plea" and the plea agreement forms bear docket number T84794. On November 18, 2009, the Defendant was sentenced to serve three years with the Department of Corrections. No docket number was referenced at the sentencing hearing.

A motion to reconsider sentence was filed on December 2, 2009, in docket number T84546A. At a hearing on the motion held on January 22, 2010, the State called the case under docket number T84794. The motion was subsequently denied.

A motion for appeal was filed on January 25, 2010, in docket number T84546A, and was subsequently granted. An appeal record was lodged with this court on August 18, 2010. On December 16, 2010, this court issued an order directing the Defendant to show cause why the appeal in docket number T84546A should not be dismissed, as there was no conviction and sentence in trial court docket number T84546A, the only docket number referenced in the motion for appeal.

The Defendant filed a response in which he asserts the matter was called up as docket number T84546A on January 9, 2009, and October 28, 2009. Further, at the proceedings held on October 28, 2009, the State noted there were two docket numbers and the docket clerk stated the Defendant had pled guilty under docket number T84546A.[1] The Defendant then notes that at a hearing held on January 22, 2010, the State asserted there had been a motion to change the docket number in the file from T84794A to T84546A. The State then asserted that it was "[a]pparently"

---

[1] The docket clerk indicated she did not know which docket number the Defendant pled guilty under. However, she then stated, "It's the first one, 546 (sic)."

done in court, and the correct docket number was T84546A. Thus, the State moved to "reflect that all of these proceedings are under that docket number." Thereafter, the trial court instructed the State to research the matter and file the appropriate pleadings to correct the problem. The matter was to be left under docket number T84794A until the minute clerk heard differently. On March 20, 2010, the State filed a bill of information bearing docket number T84794A charging the Defendant with driving while intoxicated, third offense; improper lane usage; driving under suspension; and switched license plate.

The Defendant asserts he filed an appeal in the docket number mentioned by the State on the date of sentencing and should not now be penalized for doing so in light of the consolidation of the docket numbers in the trial court. It is again noted that no docket number was mentioned at the sentencing hearing.

In *State v. Buttner*, 411 So.2d 35 (La.1982), the defendant was charged with attempted second degree murder by bill of information filed on March 31, 1980. The defendant was arraigned on April 3, 1980, and pled not guilty. On June 30, 1980, the State *nolle prosequied* the bill of information filed on March 31, 1980, and filed a "direct bill," which was not written, charging the defendant with attempted first degree murder. The defendant waived a formal arraignment and entered a plea of not guilty. After a trial by jury, the defendant was found guilty. On appeal, the defendant argued that the trial court erred in proceeding to trial when no valid bill of information had been filed. Upon reversing the defendant's conviction, the supreme court noted that there was only one written bill of information in the record, the one filed on March 31, 1980, charging defendant with attempted second degree murder. The minute entry reflected that the bill of information had been *nolle prosequied* on June 30, 1980. Further, the "direct bill" filed by the State on June 30, 1980, had been

3

filed orally, and where there was no written accusation of a crime there could be no valid arraignment, trial or conviction.

In *State v. Vidrine*, 476 So.2d 537 (La.App. 1 Cir. 1985), the State filed a bill of information on December 14, 1983, under docket number 114,944 charging that the defendant committed driving while intoxicated, third offense, on June 28, 1983. Also on December 14, 1983, the State filed a bill of information under docket number 115,232 charging that the defendant committed driving while intoxicated, third offense, on September 1, 1983. The defendant was subsequently arraigned in both docket numbers. At that time, the State advised the trial court that the defendant had been charged with driving while intoxicated, third offense, and driving while intoxicated, fourth offense. The defendant then entered pleas of guilty to driving while intoxicated, third offense, and driving while intoxicated, fourth offense, and was sentenced.

On May 30, 1984, defense counsel filed a motion for appeal in docket number 115,232, stating the defendant desired to appeal his convictions for the charges of unlawfully operating a vehicle while under the influence of an alcoholic beverage due to the trial court's denial of his motions to quash. The appellate briefs indicated the appeal was from the convictions and sentences in docket numbers 115,232 and 114,944.

On June 7, 1984, the State filed a second bill of information in docket number 115,232, charging the defendant with driving while intoxicated, fourth offense.

The first circuit found that when the defendant was arraigned and sentenced for driving while intoxicated, fourth offense, in docket number 115,232, there was no bill of information charging such a crime in existence. Further, the filing of an amended bill of information on June 7, 1984, could not cure this defect. Thus, the first circuit

4

reversed the defendant's conviction and sentence in docket number 115,232.

The Defendant pled guilty under docket number T84794A, which had been dismissed by the State, and filed his motion for appeal in docket number T84546A. Because there is no conviction and sentence in the docket number in which the Defendant filed his motion for appeal, docket number T84546A is not properly before this court for review. The filing of a bill of information bearing docket number T84794A after the Defendant entered his plea does not cure this defect. Accordingly, the appeal in this matter is dismissed.

APPEAL DISMISSED.