DECUIR, Judge.
_JjThe Defendant, Lili Paul Conley, was charged by bill of information filed on August 16, 2010, with home invasion, a violation of La.R.S. 14:62.8. He entered a plea of not guilty on September 14, 2010. On May 17, 2011, the State entered a nolle prosequi on the record and filed a new bill of information charging the Defendant with aggravated battery, a violation of La. R.S. 14:34. However, on May 18, 2011, the Defendant proceeded to trial by jury on the charge of home invasion. He was found guilty on May 19, 2011, and was later sentenced as an habitual offender to serve twenty-five years at hard labor.
Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in this matter. For the following reasons, appellate counsel’s motion to withdraw is denied, and appellate counsel is instructed to brief the nonfrivolous issue discussed herein.

FACTS:

On May 17, 2010, Ebonia Thodile lived at 18 Cedar Hill Circle in New Iberia, Louisiana. On the date in question, the Defendant was at Thodile’s residence. She testified that he broke a picture frame and the two argued about a television. Thodile then called 911 as the Defendant was leaving her residence.
*820 The Defendant subsequently returned to Thodile’s residence and beat on the door and windows. She went into the bathroom and called 911. The Defendant then broke a window, entered Thodile’s residence, and busted in the bathroom door. The door hit Thodile in the head, causing her to fall, and the Defendant kicked her in the head several times.

\,ANDERS ANALYSIS:

Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Defendant’s appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of the Defendant’s conviction or sentence. Thus, counsel seeks to withdraw.
In State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), the fourth circuit explained the Anders analysis:
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court’s review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Id. at 531.
By bill of information dated August 15, 2010, the Defendant was charged with home invasion. He was arraigned and entered a plea of not guilty. Court minutes dated May 17, 2011, indicate the Defendant’s case proceeded to trial. The State submitted a request for special jury instructions and responsive verdicts to the home invasion charge. The State’s request for responsive verdicts was denied, and the prosecutor stated: “I’m going to file a new Bill for Aggravated Battery and nolle pros the Home Invasion.” The State then filed a new bill of information charging aggravated battery. However, later that same day, the prosecutor | ¡¡apparently decided to reinstitute prosecution of the home invasion charge, although no pleading in the record reflects this intention. Only the last paragraph of the court minutes from that day state:
Later, Assistant District Attorney, ... advised the Court and Defense that after he met with the victim in this matter, the State is going back to the original Bill of Information for the charge of Home Invasion and counsel and the Court discussed the responsive verdicts for Home Invasion and all agreed on the responsive verdicts discussed.
The record before us contains the new bill for aggravated battery that was filed on May 17. The transcript of the proceedings reveals the prosecutor asked the court to include aggravated battery and second degree battery as responsive verdicts to home invasion. When the court denied the request, the prosecutor immediately stated he was going to file a new bill for aggravated battery and “nolle pros ” the home *821 invasion. The minutes reflect the prosecutor changed his mind later that day. However, neither the record nor the transcript contain any reference to a reinstituted charge of home invasion as reflected in the last paragraph of the court minutes.
The following day, the case proceeded to trial on a charge of home invasion with no objection by the Defense. The judge informed the prospective jurors that the Defendant was charged with home invasion, and when the judge informed the selected jury of the charge, it was identical to that contained in the original bill charging home invasion.
The State did not file a new bill charging the Defendant with home invasion or refile the original bill, as the only date appearing on the home invasion bill is August 16, 2010. Nor is there any indication that the State amended the new | ¿aggravated battery bill either orally or in writing before proceeding to trial on the charge of home invasion. Accordingly, we find an arguable basis exists for appeal.
Under these circumstances, counsel is ordered to brief the issue of what effect, if any, the nolle prosequi of the charge of home invasion and the filing of a new bill of information charging aggravated battery has on the conviction for home invasion.
Counsel’s motion to withdraw is denied.
MOTION TO WITHDRAW DENIED; BRIEFING ORDERED.
AMY, J., concurs in part, dissents in part, and assigns reasons.