STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1065

STATE OF LOUISIANA

VERSUS

LILL PAUL CONLEY

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-1437
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**DECUIR, J., dissents and assigns written reasons.**

**J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA   70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
       State of Louisiana

**Christopher Washington**
**830 Main Street**
**Baton Rouge, LA   70802**
**(225) 383-3800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Lill Paul Conley**

**AMY, Judge.**

The State charged the defendant with home invasion, a violation of La.R.S. 14:62.8, in connection with an incident that occurred at his ex-girlfriend's house. The State subsequently filed a bill of information charging the defendant with aggravated battery, a violation of La.R.S. 14:34, but then indicated it was proceeding on the home invasion charge only. After a trial, the defendant was found guilty of the charge of home invasion. The State then filed habitual offender proceedings against the defendant. The defendant pled guilty to the habitual offender bill and was sentenced to serve twenty-five years at hard labor.

The defendant appeals. In a previous opinion, this court denied appellate counsel's motion to withdraw and directed counsel to submit additional briefing. The defendant now challenges the validity of his conviction. For the following reasons, we affirm the defendant's conviction and sentence.

## Factual and Procedural Background

According to the State, the defendant, Lill Paul Conley, went to his ex-girlfriend's apartment and began beating on the doors and windows. In response, the victim hid in the bathroom and called 9-1-1. The defendant eventually broke a window, entered the apartment, and kicked in the bathroom door. The victim testified that the door struck her in the head, causing her to lose consciousness. The defendant allegedly kicked the victim in the head several times before the police arrived.

The defendant was subsequently charged by bill of information with home invasion, a violation of La.R.S. 14:62.8. At a pre-trial hearing, the Assistant District Attorney initially indicated that he was "going to" *nolle prosequi* the home invasion charge and file a new bill of information. On that same date, the State filed a new bill of information charging the defendant with aggravated battery, a

violation of La.R.S. 14:34, but informed the trial court that it intended to go forward on the home invasion charge.[1] The record does not indicate that the defendant objected. A jury trial was conducted on the two days following the pre-trial hearing, and the defendant was found guilty on the charge of home invasion.

Thereafter, the State instituted habitual offender proceedings. The defendant pled guilty to the habitual offender bill and was sentenced to twenty-five years at hard labor.

The defendant appealed. Initially, the defendant's appellate counsel filed a motion to withdraw, citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). However, in *State v. Conley*, 11-1065 (La.App. 3 Cir. 3/7/12), __ So.3d __, after considering this matter under the *Anders* analysis, this court denied appellate counsel's motion to withdraw and ordered counsel to file additional briefing addressing the effect, if any, of the State's indication that it was going to *nolle prosequi* the home invasion charge and its subsequent filing of a new bill of information had on the validity of the defendant's conviction. That additional briefing has now been submitted to the court.

---

[1] The record does not contain a transcript of this portion of the hearing. However, the court minutes reflect that the Assistant District Attorney "advised the Court and Defense that after he met with the victim in this matter, the State is going back to the original Bill of Information for the charge of Home Invasion and counsel and the Court discussed the responsive verdicts for Home Invasion and all agreed on the responsive verdicts discussed."

After the jury was seated, the trial court read the charges against the defendant, without objection. The trial court stated:

> The Bill of Information charges that on or about May 17, 2010, he did knowingly or intentionally commit Home Invasion by the Unauthorized Entry of an Inhabited Dwelling located at Cedar Hill Circle, #18, New Iberia, Louisiana, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another, or to vandalize, deface or damage the property of another. And Mr. Conley entered a plea of not guilty to that charge.

2

## Discussion

*Sufficiency of Bill of Information*

The defendant asserts that his conviction is invalid because the State *nolle pross*'ed the bill of information charging him with home invasion. Accordingly, in the defendant's view, there is no written instrument charging him with that crime.

The law clearly requires that, in order for a conviction to be valid, there must be written accusation of a crime. La.Code Crim.P. art. 384; *State v. Buttner*, 411 So.2d 35, 37 (La.1982) ("An oral Bill of Information is no Bill of Information at all."). Additionally, it is clear that the State has the authority to dismiss the charges against a defendant pursuant to La.Code Crim.P. art. 691. In cases where the State exercises that authority, a subsequent conviction on the same charges is invalid where the State fails to re-file written charges against the defendant. *See Buttner*, 411 So.2d 35.

However, the transcript does not clearly indicate that the State actually dismissed the original home invasion charge. After review of the record, we conclude that the State indicated only that it was "*going to* file a new Bill for Aggravated Battery and nolle pros the Home Invasion." (Emphasis added.)[2] Although the State did, in fact, file a new bill for aggravated battery, the record contains no indication that the State followed through and actually dismissed the home invasion charge, either verbally or in writing. The State then pursued the home invasion charge, without objection from the defendant, as if it were still pending.

---

[2] The minutes from that hearing indicate that "the State is nolle prossing the charge of Home Invasion." However, as discussed above, the transcript does not clearly indicate that the State actually followed through in dismissing the home invasion charge. When the minutes and the transcript conflict, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

As noted by the State in its brief to this court, the case proceeded to trial on the home invasion charge upon full notice to the defendant. Of particular note, the trial court informed the jury *venire* that this was a home invasion case at the beginning of *voir dire*, and the trial court read the bill of information concerning the home invasion charge at the opening of the trial. Although not directly analogous to this case, we note that the fourth circuit has addressed the validity of a conviction where the record shows that a bill of information exists, but was not found in the record. In those cases, the fourth circuit found that this is harmless error where record indicated that the defendant had been properly notified of the charge and was not prevented from presenting a defense. *State v. Massey*, 09-1728 (La.App. 4 Cir. 11/5/10), 51 So.3d 808 (The defendant waived reading of the bill of information at arraignment and, at the beginning of trial, the trial court read the bill of information without objection.); *State v. Hamilton*, 02-1281 (La.App. 4 Cir. 12/4/02), 834 So.2d 567 (The defendant waived a reading of the bill of information and the docket master indicated that the bill had been filed.), *writ denied*, 03-1641 (La. 5/21/04), 874 So.2d 163; *State v. Mitchell*, 553 So.2d 915 (La.App. 4 Cir. 1989) (An unsigned, undated copy of the bill of information was provided by the district attorney's office. Additionally, the docket master indicated that a bill of information had been filed and was read in open court.), *writ denied*, 558 So.2d 567 (La.1990).

Given that the record supports a conclusion that the bill of information charging the defendant with home invasion was not dismissed by the State, we do not find that the defendant's conviction rests on an insufficient bill of information.

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**DECREE**

The conviction and sentence of the defendant, Lill Paul Conley, are affirmed.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

LILL PAUL CONLEY


**DECUIR, J., dissenting.**

Defendant was charged with home invasion by bill of information filed on August 16, 2010. On May 17, 2011, the State *nolle prossed* the charge of home invasion and filed a new bill of information charging Defendant with aggravated battery. On May 18, 2011, Defendant proceeded to trial by jury on the charge of home invasion. This procedure is flawed. Consequently, Defendant's conviction should be reversed.

Louisiana law holds that the State cannot orally reinstitute a charge that has been *nolle prossed*. There is nothing in the record before us to show that the prosecutor's exercise of his *nolle prosequi* power was somehow ineffective in this instance. The dismissal was made orally in open court and was entered on the minutes of the court. The majority's reference to the prosecutor's comment that he was "going to" file a new bill and *nolle pros* the home invasion charge is disingenuous. The reference to the future had to do with filing a new bill for aggravated battery which the prosecutor did a few minutes later; the prosecutor's failure to repeat the pronoun "I" before "*nolle pros*" is simply a manner of speaking and does not indicate some future action. The statement had the effect of

dismissing the home invasion charge, an effect memorialized in the court minutes. There was no further, more formal action required of the prosecutor, and the majority fails to suggest any specific action was necessary. The majority presupposes that some formal event heralds the *nolle pros* action. In reality, a *nolle pros* is simply the prosecutor's dismissal of a charge.

The State's prosecutorial power is statutorily defined at Louisiana Code of Criminal Procedure Article 691, which provides:

> The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.

"[T]he effect of a dismissal, or *nolle prosequi*, is to discharge the particular indictment, bill of information, or affidavit." *State v. Vernell*, 10-990, p. 8 (La.App. 1 Cir. 12/22/10), 68 So.3d 553, 558, *writ denied*, 11-1912 (La. 2/3/12), 79 So.3d 1025. The State is allowed to reinstitute charges after it enters a *nolle prosequi*. Louisiana Code of Criminal Procedure Article 576 provides for the reinstitution of prosecution within six months from the date of dismissal. The new bill of information must be written. La.Code Crim.P. art. 384.

In *State v. Buttner*, 411 So.2d 35 (La.1982), the supreme court held that a valid conviction must stem from a written accusation of a crime. Buttner was charged with attempted second degree murder. The State *nolle prossed* this bill and filed a "direct bill" charging him with attempted first degree murder; although the "direct bill" was not described, it was apparently not in writing. Buttner was tried and found guilty as charged. He appealed, alleging error in proceeding with the trial when no valid bill of information had been filed. The supreme court agreed, stating:

The record is clear that there was only one Bill of Information pertaining to this offense filed against the accused, namely that Bill of Information containing on its front the charge "attempted to commit second degree murder on one, HENRY MELIET" and on the back thereof, "VIO. R.S. 14:27(30)." The court minutes of June 30, 1980, clearly reflect that this Bill of Information was *nolle prossed*. Unquestionably, under Article 691 of the Louisiana Code of Criminal Procedure, the Assistant District Attorney has the authority to make an oral motion to *nolle prosse* in open court and this was accomplished. **This leaves the defendant having been arraigned, tried and convicted on a non-existent charge since no written Bill of Information had been filed against him.** Article 384 of the Louisiana Code of Criminal Procedure clearly provides that an Information is a "*written* accusation of crime . . ." Where there is no written accusation of crime there can be no valid arraignment, trial or conviction. Since there was no valid indictment and no written Bill of Information the fact that no objection was lodged is of no consequence. An error patent and discoverable upon the mere inspection of the pleadings and minutes may be asserted at any time, and even if not asserted would be noted *ex propria motu*. La.Code Crim.P. article 920(2), *State v. Oliveaux*, 302 So.2d 266 (La. 1974), *State v. Fontenot*, 256 La. 12, 235 So.2d 75 (1970). In conclusion, the defendant was apparently arraigned, tried, convicted and sentenced on a nonexistent charge. **An oral Bill of Information is no Bill of Information at all.** This error patent on the face of the record requires a reversal of the conviction.

*Id.* at 36-37. (Footnotes omitted; emphasis added.)

In the present case, the original home invasion charge was dismissed via the prosecutor's exercise of his *nolle prosequi* power. The State did not file a new bill charging Defendant with home invasion or refile the original bill which had been *nolle prossed.* Nor did the State amend the new aggravated battery bill before proceeding to trial on the charge of home invasion. In the end, Defendant was convicted on a non-existent charge. Under the law of this State and in the words of our supreme court: "This error patent on the face of the record requires a reversal of the conviction." *Id.* at 37.

I dissent.