AMY, Judge.
hThe State charged the defendant with home invasion, a violation of La.R.S. 14:62.8, in connection with an incident that occurred at his ex-girlfriend’s house. The *1002 State subsequently filed a bill of information charging the defendant -with aggravated battery, a violation of La.R.S. 14:34, but then indicated it was proceeding on the home invasion charge only. After a trial, the defendant was found guilty of the charge of home invasion. The State then filed habitual offender proceedings against the defendant. The defendant pled guilty to the habitual offender bill and was sentenced to serve twenty-five years at hard labor.
The defendant appeals. In a previous opinion, this court denied appellate counsel’s motion to withdraw and directed counsel to submit additional briefing. The defendant now challenges the validity of his conviction. For the following reasons, we affirm the defendant’s conviction and sentence.
Factual and Procedural Background
According to the State, the defendant, Lili Paul Conley, went to his ex-girlfriend’s apartment and began beating on the doors and windows. In response, the victim hid in the bathroom and called 9-1-1. The defendant eventually broke a window, entered the apartment, and kicked in the bathroom door. The victim testified that the door struck her in the head, causing her to lose consciousness. The defendant allegedly kicked the victim in the head several times before the police arrived.
The defendant was subsequently charged by bill of information with home invasion, a violation of La.R.S. 14:62.8. At a pre-trial hearing, the Assistant District Attorney initially indicated that he was “going to” nolle prosequi the home invasion charge and file a new bill of information. On that same date, the State filed a new bill of information charging the defendant with aggravated battery, a [¿violation of La.R.S. 14:34, but informed the trial court that it intended to go forward on the home invasion charge.[1] The record does not indicate that the defendant objected. A jury trial was conducted on the two days following the pre-trial hearing, and the defendant was found guilty on the charge of home invasion.
Thereafter, the State instituted habitual offender proceedings. The defendant pled guilty to the habitual offender bill and was sentenced to twenty-five years at hard labor.
The defendant appealed. Initially, the defendant’s appellate counsel filed a motion to withdraw, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, in State v. Conley, 11-1065 (La.App. 3 Cir. 3/7/12), 85 So.3d 819, after considering this matter under the Anders analysis, this court denied appellate counsel’s motion to withdraw and ordered counsel to file additional briefing addressing the effect, if any, of the State’s indication that it was going to nolle prosequi the home invasion charge and its subsequent filing of a new bill of *1003 information had on the validity of the defendant’s conviction. That additional briefing has now been submitted to the court.
[¡¡Discussion

Sufficiency of Bill of Information

The defendant asserts that his conviction is invalid because the State nolle pross’ed the bill of information charging him with home invasion. Accordingly, in the defendant’s view, there is no written instrument charging him with that crime.
The law clearly requires that, in order for a conviction to be valid, there must be written accusation of a crime. La.Code Crim.P. art. 384; State v. Buttner, 411 So.2d 35, 37 (La.1982) (“An oral Bill of Information is no Bill of Information at all.”). Additionally, it is clear that the State has the authority to dismiss the charges against a defendant pursuant to La.Code Crim.P. art. 691. In cases where the State exercises that authority, a subsequent conviction on the same charges is invalid where the State fails to re-file written charges against the defendant. See Buttner, 411 So.2d 35.
However, the transcript does not clearly indicate that the State actually dismissed the original home invasion charge. After review of the record, we conclude that the State indicated only that it was “going to file a new Bill for Aggravated Battery and nolle pros the Home Invasion.” (Emphasis added.)[2] Although the State did, in fact, file a new bill for aggravated battery, the record contains no indication that the State followed through and actually dismissed the home invasion charge, either verbally or in writing. The State then pursued the home invasion charge, without objection from the defendant, as if it were still pending.
14As noted by the State in its brief to this court, the case proceeded to trial on the home invasion charge upon full notice to the defendant. Of particular note, the trial court informed the jury venire that this was a home invasion case at the beginning of voir dire, and the trial court read the bill of information concerning the home invasion charge at the opening of the trial. Although not directly analogous to this case, we note that the fourth circuit has addressed the validity of a conviction where the record shows that a bill of information exists, but was not found in the record. In those cases, the fourth circuit found that this is harmless[1] error where record indicated that the defendant had been properly notified of the charge and was not prevented from presenting a defense. State v. Massey, 09-1728 (La.App. 4 Cir. 11/5/10), 51 So.3d 808 (The defendant waived reading of the bill of information at arraignment and, at the beginning of trial, the trial court read the bill of information without objection.); State v. Hamilton, 02-1281 (La.App. 4 Cir. 12/4/02), 834 So.2d 567 (The defendant waived a reading of the bill of information and the docket master indicated that the bill had been filed.), writ denied, 03-1641 (La.5/21/04), 874 So.2d 163; State v. Mitchell, 553 So.2d 915 (La.App. 4 Cir.1989) (An unsigned, undated copy of the bill of information was provided by the district attorney’s office. Additionally, the docket master indicated that a bill of information had been filed and was read in open court.), writ denied, 558 So.2d 567 (La.1990).
*1004 Given that the record supports a conclusion that the bill of information charging the defendant with home invasion was not dismissed by the State, we do not find that the defendant’s conviction rests on an insufficient bill of information.
| fftrrors Patent
Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.
DECREE
The conviction and sentence of the defendant, Lili Paul Conley, are affirmed.
AFFIRMED.
DECUIR, J., dissents and assigns written reasons.

. The record does not contain a transcript of this portion of the hearing. However, the court minutes reflect that the Assistant District Attorney "advised the Court and Defense that after he met with the victim in this matter, the State is going back to the original Bill of Information for the charge of Home Invasion and counsel and the Court discussed the responsive verdicts for Home Invasion and all agreed on the responsive verdicts discussed.”
After the jury was seated, the trial court read the charges against the defendant, without objection. The trial court stated:
The Bill of Information charges that on or about May 17, 2010, he did knowingly or intentionally commit Home Invasion by the Unauthorized Entry of an Inhabited Dwelling located at Cedar Hill Circle, #18, New Iberia, Louisiana, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another, or to vandalize, deface or damage the property of another. And Mr. Conley entered a plea of not guilty to that charge.

. The minutes from that hearing indicate that "the State is nolle pressing the charge of Home Invasion.” However, as discussed above, the transcript does not clearly indicate that the State actually followed through in dismissing the home invasion charge. When the minutes and the transcript conflict, the transcript prevails. State v. Wommack, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, writ denied, 00-2051 (La.9/21/01), 797 So.2d 62.