DECUIR, J.,
dissenting.
[ defendant was charged with home invasion by bill of information filed on August 16, 2010. On May 17, 2011, the State nolle 'prossed, the charge of home invasion and filed a new bill of information charging Defendant with aggravated battery. On May 18, 2011, Defendant proceeded to trial by jury on the charge of home invasion. This procedure is flawed. Consequently, Defendant’s conviction should be reversed.
Louisiana law holds that the State cannot orally reinstitute a charge that has been nolle prossed. There is nothing in the record before us to show that the prosecutor’s exercise of his nolle prosequi power was somehow ineffective in this instance. The dismissal was made orally in open court and was entered on the minutes of the court. The majority’s reference to the prosecutor’s comment that he was “going to” file a new bill and nolle pros the home invasion charge is disingenuous. The reference to the future had to do with filing a new bill for aggravated battery which the prosecutor did a few minutes later; the prosecutor’s failure to repeat the pronoun “I” before “nolle pros ” is simply a manner of speaking and does not indicate some future action. The statement had the effect of ^dismissing the home invasion charge, an effect memorialized in the court minutes. There was no further, more formal action required of the prosecutor, and the majority fails to suggest any specific action was necessary. The majority presupposes that some formal event heralds the nolle pros action. In reality, a nolle pros is simply the prosecutor’s dismissal of a charge.
The State’s prosecutorial power is statutorily defined at Louisiana Code of Criminal Procedure Article 691, which provides:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
“[T]he effect of a dismissal, or nolle prosequi, is to discharge the particular indictment, bill of information, or affidavit.” State v. Vernell, 10-990, p. 8 (La.App. 1 Cir. 12/22/10), 68 So.3d 553, 558, writ denied, 11-1912 (La.2/3/12), 79 So.3d 1025. The State is allowed to reinstitute charges after it enters a nolle prosequi Louisiana Code of Criminal Procedure Article 576 provides for the reinstitution of prosecution within six months from the date of dismissal. The new bill of information must be written. La.Code Crim.P. art. 384.
In State v. Buttner, 411 So.2d 35 (La.1982), the supreme court held that a valid conviction must stem from a written accusation of a crime. Buttner was charged with attempted second degree murder.
*1005 The State nolle prossed this bill and filed a “direct bill” charging him with attempted first degree murder; although the “direct bill” was not described, it was apparently not in writing. Buttner was tried and found guilty as charged. He appealed, alleging error in proceeding with the trial when no valid bill of information had been filed. The supreme court agreed, stating:
|sThe record is clear that there was only one Bill of Information pertaining to this offense filed against the accused, namely that Bill of Information containing on its front the charge “attempted to commit second degree murder on one, HENRY MELIET” and on the back thereof, “VIO. R.S. 14:27(30).” The court minutes of June 30,1980, clearly reflect that this Bill of Information was nolle prossed. Unquestionably, under Article 691 of the Louisiana Code of Criminal Procedure, the Assistant District Attorney has the authority to make an oral motion to nolle prosse in open court and this was accomplished. This leaves the defendant having been arraigned, tried and convicted on a non-existent charge since no written Bill of Information had been filed against him. Article 384 of the Louisiana Code of Criminal Procedure clearly provides that an Information is a “written accusation of crime ...” Where there is no written accusation of crime there can be no valid arraignment, trial or conviction. Since there was no valid indictment and no written Bill of Information the fact that no objection was lodged is of no consequence. An error patent and discoverable upon the mere inspection of the pleadings and minutes may be asserted at any time, and even if not asserted would be noted ex propria motu. La. Code Crim.P. article 920(2), State v. Oliveaux, 302 So.2d 266 (La.1974), State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970). In conclusion, the defendant was apparently arraigned, tried, convicted and sentenced on a nonexistent charge. An oral Bill of Information is no Bill of Information at all. This error patent on the face of the record requires a reversal of the conviction.
Id. at 36-37. (Footnotes omitted; emphasis added.)
In the present case, the original home invasion charge was dismissed via the prosecutor’s exercise of his nolle prosequi power. The State did not file a new bill charging Defendant with home invasion or refile the original bill which had been nolle prossed. Nor did the State amend the new aggravated battery bill before proceeding to trial on the charge of home invasion. In the end, Defendant was convicted on a non-existent charge. Under the law of this State and in the words of our supreme court: “This error patent on the face of the record requires a reversal of the conviction.” Id. at 37.
I dissent.